FREEDMAN & TAITELMAN, LLP
MICHAEL A. TAITELMAN (SBN 156254)
mtaitelman@ftllp.com
JACQUELINE C. BROWN (SBN 177970)
jbrown@ftllp.com
JOSHUA G. BLUM (SBN 249082)
jblum@ftllp.com
1901 Avenue of the Stars, Suite 500
Los Angeles, California 90067
Tel.: (310) 201-0005
Fax: (310) 201-0045

Attorneys for Defendant NATIONAL CORRECTIVE GROUP, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SMITH, LOIS ARTZ, ASHLEY HENDERSON, JANA SPERLING, and TONI NEILSON, on their own behalf and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LEVINE LEICHTMAN CAPITAL PARTNERS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS III, L.P., LEVINE LEICHTMAN CAPITAL PARTNERS III, LLC, MICHAEL SCHRECK, BRETT STOHLTON and NATIONAL CORRECTIVE GROUP, INC. (dba Corrective Solutions),<br><br>          Defendants. | Civ. No. 3:10-cv-0010 JSW<br><br>**CLASS ACTION**<br><br>DECLARATION OF MIKE L. WILHELMS IN SUPPORT OF DEFENDANT NATIONAL CORRECTIVE GROUP, INC.'S MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 |

DECLARATION OF MIKE L. WILHELMS

I, Mike L. Wilhelms, declare:

1. I am more than eighteen years old. I have personal knowledge of the facts set forth below and could competently testify to them.

2. I am the chief executive officer for National Corrective Group, Inc. ("NCG"), a defendant in the above-referenced action, and have held this position since December 29, 2009. As NCG's CEO, I have ultimate responsibility for the management and supervision of NCG's daily operations and business. Prior to becoming the CEO, I was the chief financial officer for NCG. I held that position from April 2009 to December 29, 2009. In addition, from May 2009 through December 29, 2009, I was the chief operating officer for NCG.

3. In or around April 2009, NCG acquired the operating assets of American Corrective Counseling Services, Inc. ("ACCS"). Pursuant to written agreements with various district attorneys throughout the United States, including California, ACCS administered certain criminal bad check diversion programs ("BCDP") on behalf, and with the approval and authorization, of district attorneys. In connection with NCG's acquisition of ACCS's operating assets, NCG assumed responsibility for ACCS's contracts with the various district attorneys and the services provided by ACCS thereunder. Accordingly, NCG now administers the BCDPs that were previously administered by ACCS.

4. NCG is not and has never been a debt collector. Rather, the primary focus of NCG is providing educational intervention classes for bad check writers. BCDPs were organized by district attorneys (in California and other jurisdictions) to function within their own internal department structure. The primary reason that district attorneys have contracted with private entities such as NCG to administer the BCDPs is to conserve administrative and prosecutor resources. ACCS, and now NCG, was hired to provide administrative support to district attorneys in recovering restitution for victims of bad check writers, manage all pertinent case files, and conduct a required education class for bad check offenders diverted from prosecution under California Penal Code sections 1001.60 et seq. Pursuant to ACCS/NCG's contracts, NCG provides the following services to district attorneys:

    a. Provide daily management of all clerical and accounting functions,

including generation of the district attorneys' demand notices to suspected bad check writers, recovery and disbursement of victim restitution and administrative revenue, and all financial reporting;

    b.    Provide a "Community Relations Liaison" to coordinate between the district attorneys, law enforcement and NCG, and provide an ongoing public awareness campaign designed to assist local businesses in developing and maintaining an effective BCDP;

    c.    Maintain all physical files, financial records, and documentation;

    d.    Conduct the educational classes, focusing on behavioral rationalizations surrounding bad check writing as well as deficiencies in areas of personal finance, communications, and stress managements;

    e.    Schedule all classes in convenient locations within the various districts and maintain sufficient staffing of qualified instructors to teach those classes; and

    f.    Maintain an adequate level of staffing and computerization commensurate with the volume of bad check complaints, public contact, and educational requirements.

5.    In exchange for its services, NCG receives tuition for the educational class and certain authorized fees which are paid by the BCDP participants, as well as a percentage of the "administrative fee" revenue with the remaining administrative fee revenue being retained by the district attorneys. Restitution payments and statutory victim fees are distributed to the victims under an allocation formula approved and set forth in the contracts with the district attorneys. All tuition and fees required of and collected from bad check offenders to participate in the BCDP were approved and authorized in advance by the district attorneys.

6.    At all times, the district attorneys maintain full control and authority over their BCDPs. NCG acts solely under the auspices, supervision, and control of the district attorneys.

7.    The bad check diversion process begins when a victim submits a Bad Check Complaint Form under oath, or files a Crime Report to the respective district attorney's BCDP.

8.    After a complaint is submitted, it is screened for eligibility for diversion. The district attorneys established the criteria for eligibility in the BCDP. NCG does not have discretion as to who should or should not participate, or as to the terms of participation.

According to the criteria established for eligibility, all victims are required to present evidence of facts showing probable cause that there has been a violation of Penal Code 476a. Absent such evidence, a case is not eligible for the BCDP.

9. If a case meets all the criteria established by the district attorney's office, then the individual is eligible to participate in a diversion program. If the bad check writer does not meet all the criteria, he or she is not eligible for diversion.

10. If a complaint is eligible for diversion, NCG generates on behalf of the district attorneys, an "Official Notice" offering the suspect the opportunity to participate in the BCDP and setting forth the conditions thereof including making restitution, paying applicable fees, and attending the educational classes. Depending on the offender's circumstances, various follow-up notices are sent.

11. The form and content of all notices sent to suspects by NCG on behalf of the district attorneys are approved in advance by the district attorneys. NCG has express permission from the district attorneys to send such notices on the district attorneys' letterhead because the notices are sent on behalf of the district attorney.

12. Pursuant to Penal Code section 1001.60 et seq., the notices sent to bad check offenders are required to set forth the penalties for a violation of Penal Code section 476a; namely, criminal prosecution and punishment of up to one year in state prison or county jail. The notices sent by NCG on behalf of the district attorneys include this information as expressly required by the Penal Code.

13. Because bad check complaints do not get referred to the BCDP if they do not meet the established criteria, and thus establish probable cause, all bad check offenders receiving notice and an opportunity to participate in the BCDP are legitimately considered for criminal prosecution. Based on my experience, I am aware that the district attorneys can and do routinely prosecute bad check crimes.

/ / /

/ / /

/ / /

14. Because all of NCG's acts, communications, and compensation were approved and authorized in advance by the district attorneys, I believe and have believed, in good faith, that NCG's administration of the BCDPs was lawful and in compliance with the BCDA. I am unaware of any information or facts to the contrary.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 12th day of April 2010 at San Clemente, California.

_____
MIKE L. WILHELMS