UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SMITH, LOIS ARTZ, ASHLEY HENDERSON, JANA SPERLING, and TONI NEILSON, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEVINE LEICHTMAN CAPITAL PARTNERS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS III, L.P., LEVINE LEICHTMAN CAPITAL PARTNERS III, LLC, MICHAEL SCHRECK, BRETT STOHLTON and NATIONAL CORRECTIVE GROUP, INC. (dba Corrective Solutions),<br><br>Defendants. | Civ. No. 3:10-cv-0010 JSW<br><br>**CLASS ACTION**<br><br>[PROPOSED] ORDER GRANTING DEFENDANT NATIONAL CORRECTIVE GROUP, INC.'S MOTION TO STRIKE COUNTS III, IV, AND VI OF THE FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 |

The motion for an order striking Counts III, IV, and VI of the First Amended Complaint ("FAC") pursuant to California Code of Civil Procedure section 425.16 ("Section 425.16" or the "anti-SLAPP" statute) brought by defendant National Corrective Group, Inc. ("NCG") came on regularly for hearing on June 11, 2010, the Honorable Jeffrey S. White presiding.  Michael A. Taitelman of Freedman & Taitelman, LLP appeared for NCG.  The other appearances are reflected in the record.

[PROPOSED] ORDER GRANTING NATIONAL CORRECTIVE GROUP, INC.'S MOTION TO STRIKE COUNTS III, IV, AND VI OF THE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

Having considered the arguments and evidence in support of and opposition to the motion, the Court hereby finds as follows:

1. NCG's communications to Plaintiffs and the class in connection with its administration of the bad check diversion programs ("BCDPs") on behalf of the various local district attorneys pursuant California Penal Code sections 1001.60 et seq., the bad check diversion act ("BCDA") fall within the protections of Section 425.16(e)(1) and (2) because:

   a. NCG's communications were made in connection with a judicial proceeding, or other official proceeding authorized by law and/or an issue under consideration or review by a judicial body or other official proceeding authorized by law; and

   b. NCG's communications are subject to the protections of California Civil Code section 47(b), (the "Litigation Privilege").

2. Plaintiffs have failed to show a reasonable probability of prevailing on Counts III, IV, and VI of the FAC (the "State Law Claims") because (a) the Litigation Privilege is an absolute bar to liability for the State Law Claims; (b) NCG is immune from liability because it administered the BCDPs at the request of the district attorneys, who would be entitled to immunity had they administered the BCDPs themselves; and (c) NCG acted in good faith in its administration of the BCDPs on behalf of the district attorneys.

3. The FAC is not exempt, pursuant to California Code of Civil Procedure section 425.17(b), from a motion brought under the anti-SLAPP statute because the FAC is not brought solely in the public interest where Plaintiffs seeks statutory damages under the Federal Debt Collection Practices Act that are available to named-plaintiffs only and not to the entire class.

ACCORDINGLY, IT IS ORDERED that Counts III, VI, and VI of the FAC are hereby stricken and dismissed.

IT IS HEREBY FURTHER ORDERED that NCG is entitled to its reasonable attorneys' fees and costs associated with motion in an amount to be determined after a noticed motion filed by NCG.

DATED: _____
Jeffrey S. White
Judge of the United States District Court

Respectfully submitted by:

FREEDMAN & TAITELMAN, LLP


By: ___/S/ M. Taitelman
MICHAEL A. TAITELMAN
Attorneys for Defendant NATIONAL CORRECTIVE GROUP, INC.

3

[PROPOSED] ORDER GRANTING NATIONAL CORRECTIVE GROUP, INC.'S MOTION TO STRIKE COUNTS III, IV, AND VI OF THE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16