Irv Ackelsberg, PA Bar# 23813
John J. Grogan, PA Bar# 72443
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
iackelsberg@langergrogan.com
Appearing *Pro Hac Vice*

Deepak Gupta, D.C. Bar #495451
(*pro hac vice applied for*)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
Tel: (202) 588-1000
Fax: (202) 588-7795
dgupta@citizen.org

(Additional Plaintiffs' Counsel on Signature Page)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SMITH, LOIS ARTZ, ASHLEY HENDERSON, JANA SPERLING and TONI, NEILSON, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>LEVINE LEICHTMAN CAPITAL PARTNERS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS III, LP., LEVINE LEICHTMAN CAPITAL PARTNERS III, LLC, MICHAEL SCHRECK, BRETT STOHLTON and NATIONAL CORRECTIVE GROUP, INC (dba "Corrective Solutions),<br><br>Defendants. | Civ. No. 3:10-cv-0010 JSW<br><br>CLASS ACTION<br><br>DECLARATION OF PAUL ARONS IN OPPOSITION TO NATIONAL CORRECTIVE GROUP, INC's SPECIAL MOTION TO STRIKE COUNTS III, IV AND VI OF THE FIRST AMENDED COMPLAINT [Docket No. 37]<br><br>Date: June 18, 2010<br>Time: 9:00 a.m.<br>Courtroom 11 |

I, Paul Arons, declare as follows:

1. I am one of plaintiffs' counsel herein, and I make this declaration in that capacity. In their opposition to National Corrective Group, Inc.'s Special Motion to Strike Counts III, IV and VI of Plaintiffs' First Amended Complaint, are filing the following exhibits, which plaintiffs obtained as follows:

2. Plaintiffs obtained the following documents from defendant American Corrective Counseling Services, Inc. (ACCS) in response to discovery requests in *del Campo v. American Corrective Counseling Services, Inc.,* Civ. No. 01-21151 JW (N.D. Cal).

| Exhibit | Description |
|---|---|
| 2 | Executive Summary |
| 7 | ACCS Contract with Sonoma County District Attorney |
| 9 | Intake Criteria for Alameda County |
| 10 | Intake Criteria for Stanislaus County |
| 12 | Prosecution Review Criteria for Alameda County |
| 13 | Prosecution Review Criteria for Stanislaus County |
| 19 | Recovery Department Procedures Manual (2007) |
| 20 | Recovery Compensation Plan |
| 21 | Excerpts from ACCS Second Amended Responses to Plaintiffs' Interrogatories, First Set |

3. Plaintiffs obtained the following documents from the offices of California district attorneys pursuant to California Public Records Act requests made in 2009.

| Exhibit | Description |
|---|---|
| 5 | ACCS Contract with San Mateo County District Attorney |
| 6 | ACCS Contract with Alameda County District Attorney |
| 8 | Intake Criteria for San Mateo County |
| 11 | Prosecution Review Criteria for San Mateo County |
| 16 | Monthly Activity Summary for San Mateo County |
| 17 | Monthly Activity Summary for Alameda County |
| 18 | Monthly Activity Summary for Stanislaus County |

Civ. No. 5:10-0010 JSW-DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NCG, INC. MOT. TO STRIKE: Page 1

4. Exhibit 23 is a document titled "Bad Check Restitution Programs" produced by the Office of the Marin County District Attorney in response to a California Public Records Act requests made in 2007.

5. Exhibit 1 is a document produced by Raley's in responses to a subpoena duces tecum served in *del Campo v. American Corrective Counseling Services, Inc.* This is similar in form, appearance and content to promotional material produced by ACCS and by other merchants, in response to discovery requests in *del Campo*.

6. Exhibit 14 is the response of Stater Bros. Markets to a subpoena duces tecum served in *del Campo v. American Corrective Counseling Services, Inc.,* and the declaration of Stater Bros. executive vice president Phillip J. Smith explaining the documents that Stater Bros. produced. At p. STATER000002, Mr. Smith testifies the information that Stater Bros. Markets provides to American Corrective Counseling Services, Inc. when transmitting a collection request is set forth in Attachment 2, (aka Exhibit B), which is at pp. STATER 0000014-17.

7. Exhibit 3 is the home page for the Corrective Solutions website, www.correctivesolutions.org., which I downloaded for use in plaintiffs' opposition. Corrective Solutions is the name in which National Corrective Group, Inc. does business. Exhibit 4 is an April 13, 2009 press release that I also downloaded from the website for use in plaintiffs' opposition.

8. The excerpts from the deposition of Brett Stohlton, taken May 9, 2008, which plaintiffs cite in their opposition are filed herewith as Exhibit 22.

9. On March 17, 2008 defendant American Corrective Counseling Services, Inc. served its Second Supplemental Response to Plaintiffs' Interrogatories, Set No. 1. Exhibit 21, filed herewith, contains the excerpts referred to in Plaintiffs' Memorandum in Opposition to

Civ. No. 5:10-0010 JSW-DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NCG, INC. MOT. TO STRIKE: Page 2

National Corrective Group, Inc., Special Motion to Strike. These interrogatory answers show that during the 2005-2007 period, 21,331 check writers in California paid the class fee but did not attend the Financial Accountability Class. Despite the fact that class attendance is purportedly one of the requirements that a check writer must meet to avoid prosecution, only eleven out of 21, 331, approximately 0.05%, were referred to a district attorney for further action. As disclosed in answer to Interrogatory 35, ACCS did not have any information as to whether anyone referred for further action was ever contacted by a district attorney.

| Year | Paid Class Fee (Interrog. No. 32 | Attended Class (Interrog. No. 34 | Paid Fee But No Class (Int. No. 32-Int. No. 34) | Referred to Prosecutor for Further Action |
|---|---|---|---|---|
| 2005 | 24,748 | 18,744 | 6,004 | 7 |
| 2006 | 25,999 | 18,848 | 7,151 | 3 |
| 2007 | 23,501 | 15,325 | 8,176 | 1 |
| Total | 74,248 | 52,917 | 21,331 | 11 |

10. In 2008 I, along with other Public Citizen and California consumer groups including Consumer Action and Consumers Union, were involved in successfully opposing an attempt that was being made to amend the Bad Check Diversion Act, Cal Penal Code §§ 1001.60, et. seq., to provide legal sanction for some of the practices that are at issue in the lawsuit. The bill that was introduced was Assembly Bill 2606. I was informed by legislative staff that ACCS was instrumental in this attempt to amend the statute. I was provided a list of ACCS's top filing merchants and debt collectors, which I was told that ACCS had provided to the legislative committees involved in considering the bill. The information on this list had to have been compiled by ACCS from its business records, since no district attorney or other entity would have had access to this information. Plaintiffs are filing a copy of that list as Exhibit 15.

11. Since 2001, I have been participating in litigation challenging ACCS,' and now NCG's, collection practices. I have reviewed over 100,000 pages of documents produced by

Civ. No. 5:10-0010 JSW-DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NCG, INC. MOT. TO STRIKE: Page 3

ACCS in *del Campo* and in other litigation and I am familiar with the style, appearance, format and content of many of their standard forms, letters and reports. Exhibits 16-18 are Monthly Activity Summaries for individual district attorney offices, which were produced by district attorneys in response to California Public Records Act requests made in 2009. They bear the letterhead logo previously used by ACCS and now used by NCG, and appear to have been based on statistics compiled by NCG using the "Super System" proprietary computer application developed at ACCS. These summaries show that the files of only a very few check writers are ever referred to a prosecutor for review, as follows:

| County and Time Period | Eligible Checks Processed by ACCS/NCG | Cases Sent to Prosecutor for Review |
|---|---|---|
| San Mateo (Jan 2009-June 2009) | 1,078 | 3 |
| Alameda (Jan 2009-May 2009) | 3,411 | 6 |
| Stanislaus (Jan 2009-June 2009) | 2,761 | 3 |
| **TOTAL** | **7,250** | **12** |

The fact that a file was referred to a prosecutor for review by no means indicates that criminal charges were ever filed against the check writer.

12. Plaintiffs are filing an unsigned copy of the Declaration of Lois Artz. Ms. Artz has reviewed and signed her declaration, but she does not have access to a fax machine or email. She has mailed the fully executed declaration to her counsel and plaintiffs will file this as soon as it is received.

13. Plaintiffs are attaching to Plaintiffs' Objections to Non-Party Declarations the Monthly Activity Summary for October 2009 for the San Bernardino County district attorneys' office. As with Exhibits 16-18, this is an NCG document. This summary was produced by the

Civ. No. 5:10-0010 JSW-DECLARATION OF PAUL ARONS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO NCG, INC. MOT. TO STRIKE: Page 4

Office of the San Bernardino County District Attorney in response to a California Public Records Act request made in 2009.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, that if called as a witness I could competently testify thereto, and that this declaration is executed in Friday Harbor, Washington on May 5, 2010.

                     s/   Paul Arons               
                     Paul Arons