Irv Ackelsberg, PA Bar# 23813
John J. Grogan, PA Bar# 72443
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Tel:  (215) 320-5660
Fax: (215) 320-5703
iackelsberg@langergrogan.com
Appearing *Pro Hac Vice*

Deepak Gupta, D.C. Bar #495451
(*pro hac vice applied for*)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
Tel:  (202) 588-1000
Fax: (202) 588-7795
dgupta@citizen.org

(Additional Plaintiffs' Counsel on Signature Page)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SMITH, LOIS ARTZ, ASHLEY HENDERSON, JANA SPERLING and TONI, NEILSON, on their own behalf and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br>v.                                              :<br><br>LEVINE LEICHTMAN CAPITAL PARTNERS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS III, LP., LEVINE LEICHTMAN CAPITAL PARTNERS III, LLC, MICHAEL SCHRECK, BRETT STOHLTON and NATIONAL CORRECTIVE GROUP, INC (dba "Corrective Solutions),<br><br>                    Defendants. | Civ. No. 3:10-cv-0010 JSW<br><br>CLASS ACTION<br><br>PLAINTIFFS' OBJECTIONS TO NON-PARTY DECLARATIONS FILED IN SUPPORT OF NATIONAL CORRECTIVE GROUP, INC's SPECIAL MOTION TO STRIKE COUNTS III, IV AND VI OF THE FIRST AMENDED COMPLAINT  [Docket No. 37]<br><br>Date:  June 18, 2010<br>Time: 9:00 a.m.<br>Courtroom 11 |

Plaintiffs make the following objections to non-party declarations filed by defendants in support of NCG's Special Motion to Strike.

**1. Declaration of Michael Ramos [Docket No. 39]**

| | |
|---|---|
| p. 2:10-15: | Irrelevant [FRE 402]; Lack of personal knowledge [FRE 602];Whether dishonored checks is a problem is irrelevant to determining whether defendants violated federal or state law. No foundation for declarant's opinion of the magnitude of the problem of dishonored checks in either California or San Bernardino County. |
| p. 3:8-15: | Irrelevant [FRE 402]; Lack of personal knowledge [FRE 602]; Hearsay not subject to any exception [FRE 802]; The criteria NCG follows is irrelevant to whether it was covered by, or violated the FDCPA, or whether defendants are liable for the other claims in the lawsuit. The declarant's failure to identify a document containing the criteria renders this testimony hearsay. Further, in the absence of personal knowledge that NCG adhered to the unspecified criteria, this testimony in irrelevant. |
| p. 3:12-16: | Irrelevant [FRE 402]; Lack of personal knowledge [FRE 602]; The criteria NCG followed is irrelevant to whether it was covered by, or violated the FDCPA, or whether defendants are liable for the other claims in the lawsuit. There is no foundation for declarant's personal knowledge of the facts that NCG required a merchant or debt collector to present, this testimony in irrelevant. |
| p. 3:24-4:1: | Irrelevant [FRE 402]; Whether there is a theoretical chance that a check writer will be prosecuted is irrelevant to determining whether defendants violated the FDCPA by sending letters threatening prosecution. Defendants did not know whether a particular check writer was likely to be prosecuted, and had no power to initiate prosecution. Further, the fact the San Bernardino County district attorney's office prosecutes check writers is irrelevant in the absence of facts showing the percentage of check writers contacted by NCG who ended up being prosecuted. According to the Monthly Activity Summary for January 2009-October 2009, in NCG processed 13,269 checks for the San Bernardino County program, but sent only 4 files to the district attorney to review. (See Monthly Activity Summary October 2009, for San Bernardino County, attached). |
| p. 4:3-7: | Irrelevant [FRE 402]; Local district attorneys do not have the authority to permit defendants to collect fees that are not permitted by state or federal law. |
| p. 3:5-12 | Irrelevant [FRE 402]; Declarant's opinion of the significance of this lawsuit is irrelevant. Whether state law permits bad check diversion programs is not a disputed issue. The issue in this case is whether defendants operated their program in a manner that violated state and/or federal law. |

Civ. No. 5:10-0010 JSW-Objections to Non-Party Declarations: Page 1

**2. Declaration of James P. Fox [Docket No. 41]**

p. 2:10-15: Irrelevant [FRE 402]; Lack of personal knowledge [FRE 602];Whether dishonored checks is a problem is irrelevant to determining whether defendants violated federal or state law. No foundation for declarant's opinion of the magnitude of the problem of dishonored checks in either California or San Bernardino County.

p. 3:5-15: Irrelevant [FRE 402]; Lack of personal knowledge [FRE 602]; Hearsay, not subject to any exception [FRE 802]; The criteria NCG follows is irrelevant to whether it was covered by, or violated the FDCPA, or whether defendants are liable for the other claims in the lawsuit. The declarant's failure to identify a document containing the criteria renders this testimony hearsay. Further, in the absence of personal knowledge that NCG adhered to the unspecified criteria, this testimony in irrelevant.

p. 3:11-16: Irrelevant [FRE 402]; Lack of personal knowledge [FRE 602]; The criteria NCG followed is irrelevant to whether it was covered by, or violated the FDCPA, or whether defendants are liable for the other claims in the lawsuit. There is no foundation for declarant's personal knowledge of the facts that NCG required a merchant or debt collector to present, this testimony in irrelevant.

p. 3:24-4:6: Irrelevant [FRE 402]; Whether there is a theoretical chance that a check writer will be prosecuted is irrelevant to determining whether defendants violated the FDCPA by sending letters threatening prosecution. Defendants did not know whether a particular check writer was likely to be prosecuted, and had no power to initiate prosecution. Further, the fact that the San Mateo County district attorney's office prosecutes check writer is irrelevant in the absence of facts showing the percentage of check writers contacted by NCG who ended up being prosecuted. According to the Monthly Activity Summary for January 2009-October 2009, in NCG processed 1,078 checks for the San Mateo County program, but sent only 3 files to the district attorney to review. (See Monthly Activity Summary June 2009, for San Mateo County, filed as Exhibit 15 in opposition to NCG's Special Motion to Strike.)

p. 4:7-11: Irrelevant [FRE 402]; Local district attorneys do not have the authority to permit defendants to collect fees that are not permitted by state or federal law.

p. 4:20-24 Irrelevant [FRE 402]; Declarant's opinion of the significance of this lawsuit is irrelevant. Whether state law permits bad check diversion programs is not a disputed issue. The issue in this case is whether defendants operated their program in a manner that violated state and/or federal law.

**3. Declaration of Gregory Totten [Docket No. 42]**

Entire declaration: Irrelevant [FRE 402]; The procedures followed by the district attorney in Ventura County, operating an in-house bad check diversion program are irrelevant to determining whether a different program operated by an outside vendor violated state or federal law. Plaintiffs are challenging defendants' practices and not that of some other check diversion program.

**4. Declaration of Dianna Maria Valdez [Docket No. 43]**

Entire declaration: Irrelevant [FRE 402]; Hearsay not subject to any exception [FRE 802]; Whether district attorneys actually charge check writers with violating Pen. C. § 476a is irrelevant in the absence of evidence that: (1) the check writers who were prosecuted were selected because they did not participate in the NCG diversion program; and, (2) at the time NCG was sending letters that included prosecution threats, NCG knew that the check writer to whom the letter was sent was likely to be prosecuted if he or she did not participate in the diversion program. Further, there is no sufficient foundation for the accuracy of the information contained in the records upon which the summary chart (Exhibit A) is based.

DATED: May 5, 2010          Respectfully submitted,

LAW OFFICES OF PAUL ARONS

By s/Paul Arons
Paul Arons
Attorneys for Plaintiffs

**Additional Plaintiff's Counsel:**

Ronald Wilcox, State Bar #176601
LAW OFFICE OF RONALD WILCOX
2160 The Alameda, 1st Flr., Suite F
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486

Civ. No. 5:10-0010 JSW-Objections to Non-Party Declarations: Page 3