IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br>LEVINE LEICHTMAN CAPITAL PARTNERS, INC., et al.,<br><br>　　　　Defendants. | No. C-10-0010-JSW (EDL)<br><br>**ORDER REGARDING FEBRUARY 22, 2011 JOINT LETTER BRIEF** |

    This is a purported Fair Debt Collection Practices Act and RICO class action brought against National Corrective Group, Inc. ("NCG"), a debt-collection company that collects dishonored checks on behalf of retail merchants as part of a "district attorney bad check restitution program." Judge White recently referred the case to this Court for discovery in light of a joint discovery letter filed by the parties on February 22, 2011.  The dispute concerns several categories of documents that NCG has produced as confidential under the parties' stipulated protective order, and which Plaintiffs think should be de-designated as non-confidential.

    NCG argues that all of the documents sought to be de-designated contain valuable proprietary commercial information regarding training, business dealings with merchants, information regarding payments, and prosecution criteria that is intended for internal use.  NCG argues that disclosure would cause competitive harm, and Plaintiffs' need for the documents is not outweighed by this harm since Plaintiffs already have the documents.  Plaintiffs counter that NCG's claims of harm from disclosure are unfounded, because most of the categories of documents have been previously disclosed by district attorneys or by NCG's predecessor company, ACCS, and/or publicly filed in other litigation involving ACCS.  One of the documents was publicly filed as an attachment to the

complaint in this case. NCG notes that ACCS' prior disclosure was due to a court order, that it did not produce any of the documents at issue here, and that ACCS is a different entity so what it did should not bind NCG.

As discussed below, the Court can resolve most of the issues raised by the parties based on the letter brief and accompanying exhibits, but requires additional briefing on two issues if the parties cannot reach an agreement on them after receiving this Order:

**1. Compliance Training Manual and Procedure Victim Services Manual**: NCG argues that these are proprietary manuals used by its employees, and that disclosure to competitors would allow them to use NCG's procedures without developing their own. Plaintiffs counter that they are manuals addressing how NCG employees should communicate with the public, that ACCS witnesses have testified about the manuals, and prior versions or portions thereof have been publicly filed in ACCs litigation. While often these types of manuals may be confidential if they have been kept confidential, e.g., to protect against competitors, Plaintiff's argument that excerpts or similar prior versions of the manuals in question are already in the public domain is persuasive if correct, at least as to the portions of the manuals already public. Without further information about the nature and extent of the alleged prior disclosure of this information, the Court cannot make a final determination on this issue at this time.

**2. Bad Check Victim Certification Forms**: NCG contends that these forms contain financial information about how much merchants are charged by their banks for bad checks and there is an expectation of privacy in these documents. Plaintiffs counter that the only unique information in these forms is the amount of the bank charge, and that these charges are disclosed in the demand letters sent to the bad check writers. Information such as this, that is disclosed from the bank to the merchant to NCG to check writers, is not proprietary or confidential and NCG does not explain any particular harm that will befall it if it is ordered to disclose these documents. These documents shall be de-designated as non-confidential.

**3. Merchant Remittance Reports**: NCG argues that these are lists of payment information for checks collected for merchants, and were not intended for disclosure to the public or competitors. Plaintiffs point out that no personal information is included on the reports and ACCS

2

previously disclosed similar reports. See Attachment 1.  NCG has not adequately explained any good cause for keeping this type of information confidential, and these documents shall be de-designated as non-confidential.

    **4.**    **Electronic Check Filing Data**: NCG argues that this data is obtained from merchants and should not be disclosed, but provides no explanation as to why it should be kept confidential. Plaintiffs contend that these documents simply contain categories of check information kept by large merchants, and it has previously been disclosed.  Because NCG has not adequately explained any good cause for keeping this type of information confidential, and because it has previously been disclosed, these documents shall be de-designated as non-confidential.

    **5.**    **Jurisdiction Detail Data**: NCG contends that this information is generated from its proprietary software and should not be disclosed to competitors.  Plaintiffs counter that it simply a form that summarizes data from other forms, and that ACCS previously disclosed this data.  From the Court's initial review of the attached form, the form appears to be a proprietary form and that disclosure could cause competitive harm.  See Exh. 2 to Letter Brief.  However, if this form or a substantially similar version is already in the public domain it would not.  Without further information about the nature and extent of the alleged prior disclosure of this information and the harm that could befall NCG from disclosure if the prior disclosure was minimal, the Court cannot make a final determination on this issue at this time.

    **6.**    **Prosecution Criteria Forms and Prosecution Settings**: NCG argues that these forms are provided by the district attorneys (or based on forms provided by the district attorneys) and set forth the prosecution criteria for bad check crimes, and disclosure would provide guidance for bad check writers seeking to work around the criminal justice system.  Plaintiffs argue that these forms have been previously produced by ACCS, and examples of the forms have been produced in this litigation.  See Compl. Ex. B.  Plaintiffs also argue that there is no risk of criminals using these forms to avoid prosecution because prosecution is up to the district attorney, and merchants can directly refer bad check cases to the DA.  Since these documents are filled out by the district attorney's office, and not NCG, any confidentiality concern seems would be the district attorneys's, not NCG's, and NCG has not articulated any competitive or other harm to it that would result from

3

disclosure of the forms. Therefore, these documents shall be de-designated as non-confidential.

With respect to categories one (Compliance Training Manual and Procedure Victim Services Manual) and five (Jurisdiction Detail Data), if and only if the parties cannot reach agreement in light of the guidance provided in this Order, which the Court strongly encourages, further briefing is needed if the Court must resolve these disputes. Pursuant to the parties' Stipulated Protective Order, NCG "shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)." See Dkt. No. 109 at § 6.3. NCG bears the burden of showing specific harm that will result from public disclosure of the documents in question and shall also address the issue of prior public disclosure. NCG's motion shall be filed by Wednesday, March 16; Plaintiffs' opposition shall be filed by Monday, March 21; and NCG's reply shall be filed by Thursday, March 24. A hearing shall be set for Tuesday, March 29 and will be vacated if the Court finds that oral argument is unnecessary.

**IT IS SO ORDERED.**

Dated: March 10, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge