1    Daniel M. Livingston, Bar No. 105981
     E-Mail: dml@paynefears.com
2    Benjamin A. Nix, Bar No.138258
     E-Mail: ban@paynefears.com
3    PAYNE & FEARS LLP
     4 Park Plaza, Suite 1100
4    Irvine, CA 92614
     Telephone: (949) 851-1100
5    Facsimile: (949) 851-1212

6    Attorneys for Defendants
     Michael C. Schreck and Brett Stohlton
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12   CHRISTINA SMITH,                        CASE NO. 10-CV-00010 JSW

13              Plaintiff,                    **CLASS ACTION**

14        v.                                  **ANSWER OF DEFENDANTS MICHAEL
                                              C. SCHRECK AND BRETT STOHLTON
15   LEVINE LEICHTMAN CAPITAL,                TO SECOND AMENDED COMPLAINT**

16              Defendant(s).                 Judge:    Jeffrey S. White

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Defendants Michael C. Schreck and Brett Stohlton (collectively, "Defendants"), on behalf of themselves and no other party, answer the Second Amended Complaint as follows:

1.      Defendants deny each and every allegation of Paragraph 1 of the Second Amended Complaint, except that Defendants admit that Plaintiffs purport to be bringing a class action that seeks to allege violations of 18 U.S.C. § 1961, et seq. ("civil RICO"), and 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as certain California state law claims, and that Plaintiffs claim to be seeking injunctive relief.

2.      Defendants deny each and every allegation of Paragraph 2 of the Second Amended Complaint, except that Defendants admit that a company known as "American Corrective Counseling Services" or "ACCS" was founded in 1987; that ACCS filed for bankruptcy; and that National Corrective Group, Inc. ("NCG") purchased most, if not all, of ACCS' assets through a bankruptcy asset purchase.

3.      Defendants deny each and every allegation of Paragraph 3 of the Second Amended Complaint.

4.      Defendants deny each and every allegation of Paragraph 4 of the Second Amended Complaint.

5.      Defendants deny each and every allegation of Paragraph 5 of the Second Amended Complaint.

6.      Defendants deny each and every allegation of Paragraph 6 of the Second Amended Complaint.

1

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

7.      Defendants deny each and every allegation of Paragraph 7 of the Second Amended Complaint.

8.      Defendants deny each and every allegation of Paragraph 8 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis deny each and every allegation.

9.      Defendants deny each and every allegation of Paragraph 9 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny each and every allegation.

10.      Defendants deny each and every allegation of Paragraph 10 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 and on that basis deny each and every allegation.

11.      Defendants deny each and every allegation of Paragraph 11 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 and on that basis deny each and every allegation.

12.      Defendants deny each and every allegation of Paragraph 12 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis deny each and every allegation.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

13.     Defendants deny each and every allegation of Paragraph 13 of the Second Amended Complaint except that Defendants admit that defendant Levine Leichtman Capital Partners, Inc. ("LLCP, Inc.") is a California corporation.  As to the remaining allegations of Paragraph 13, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis deny each and every allegation.

14.     Defendants deny each and every allegation of Paragraph 14 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis deny each and every allegation.

15.     Defendants deny each and every allegation of Paragraph 15 of the Second Amended Complaint except that defendant Schreck admits that during the period from 2004 through 2009 his principal residence was in California and that Schreck's services were retained by ACCS from 2004 into 2009 and by NCG from April to December 2009.

16.     Defendants deny each and every allegation of Paragraph 16 of the Second Amended Complaint except that defendant Stohlton admits that during the period from 2004 through 2009 his principal residence was in California and that Stohlton's services were retained by ACCS from 2004 into 2009 and by NCG from April to December 2009.

17.     Defendants deny each and every allegation of Paragraph 17 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to use the term "RICO Defendants" to describe certain defendants in the SAC.

18.     Defendants deny each and every allegation of Paragraph 18 of the Second

3

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

1   Amended Complaint except that Defendants admit that ACCS was a corporation with its principal

2   place of business located at 180 Avenida La Pata, San Clemente, California.

3

4               19.     Defendants deny each and every allegation of Paragraph 19 of the Second

5   Amended Complaint except that Defendants admit that ACCS was a defendant in a series of

6   lawsuits in various jurisdictions including *del Campo et al. v. American Corrective Counseling*

7   *Solutions, Inc., et al.*, Case No. 01-21151-JW ("*Del Campo*") filed in the Northern District of

8   California; that ACCS' founder Donald Mealing was a defendant in *Del Campo*; that ACCS filed

9   for Chapter 11 bankruptcy on January 19, 2009; that ACCS' liquidation plan was confirmed; and

10  that the liquidation plan contains certain terms concerning both settlement and releases relating to

11  certain claims.  As to the remaining allegations of Paragraph 19, Defendants are without sufficient

12  knowledge or information to form a belief as to the truth of the allegations contained in Paragraph

13  19 and on that basis deny each and every allegation.

14

15              20.     Defendants deny each and every allegation of Paragraph 20 of the Second

16  Amended Complaint except that Defendants admit that NCG is a corporation doing business as

17  "Corrective Solutions."

18

19              21.     Defendants deny each and every allegation of Paragraph 21 of the Second

20  Amended Complaint except that Defendants admit that Plaintiffs do not purport to be suing NCG

21  with respect to their purported civil RICO claims.

22

23              22.     Defendants deny each and every allegation of Paragraph 22 of the Second

24  Amended Complaint.

25

26              23.     Defendants deny each and every allegation of Paragraph 23 of the Second

27  Amended Complaint except that ACCS was founded by Donald Mealing in 1987.

28

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1    24.    Defendants deny each and every allegation of Paragraph 24 of the Second

2    Amended Complaint except that Defendants admit that Equity Pacific Advisors purchased ACCS

3    from Donald Mealing in November 2004.

4

5    25.    Defendants deny each and every allegation of Paragraph 25 of the Second

6    Amended Complaint except that Defendants admit that either LLCP, Inc. or LLCP III

7    (collectively, "LLCP") obtained a security interest covering all or substantially all of ACCS'

8    assets.

9

10    26.    Defendants deny each and every allegation of Paragraph 26 of the Second

11    Amended Complaint except that Defendants admit that from November 2004 through mid-2008, a

12    significant portion of ACCS' cash flow was paid to LLCP relating to certain debts.

13

14    27.    Defendants deny each and every allegation of Paragraph 27 of the Second

15    Amended Complaint except that Defendants admit that they were aware in 2004 that there were

16    lawsuits pending against ACCS as well as a potential global settlement for all litigation.

17

18    28.    Defendants deny each and every allegation of Paragraph 28 of the Second

19    Amended Complaint except that Defendants admit that LLCP contended for at least one point in

20    time that ACCS defaulted on its obligations to LLCP in mid-2008.

21

22    29.    Defendants deny each and every allegation of Paragraph 29 of the Second

23    Amended Complaint except that Defendants admit that a class action was filed against ACCS; a

24    district court opinion was issued in *Schwarm v. Craighead*, published at 552 F. Supp. 2d 1056

25    (E.D. Cal. 2008); a class was certified in *Del Campo*; and a summary judgment hearing was

26    scheduled for *Rosario v. ACCS*, Case No. Civ. 01-221 in the Middle District of Florida.  As to the

27    remaining allegations of Paragraph 29, Defendants are without sufficient knowledge or

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

information to form a belief as to the truth of the allegations contained in Paragraph 29 and on that basis deny each and every allegation.

30.     Defendants deny each and every allegation of Paragraph 30 of the Second Amended Complaint except that Defendants admit that ACCS filed for bankruptcy on January 19, 2009.

31.     Defendants deny each and every allegation of Paragraph 31 of the Second Amended Complaint except that Defendants admit that the Delaware bankruptcy court approved the sale -- and eventual purchase by NCG -- of all or substantially all of ACCS' assets.

32.     Defendants deny each and every allegation of Paragraph 32 of the Second Amended Complaint.

33.     Defendants deny each and every allegation of Paragraph 33 of the Second Amended Complaint except that Defendants admit that certain settlement terms were negotiated and reached during the pendency of the ACCS bankruptcy.

34.     Defendants deny each and every allegation of Paragraph 34 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 and on that basis deny each and every allegation.

35.     Defendants deny each and every allegation of Paragraph 35 of the Second Amended Complaint.

36.     Defendants deny each and every allegation of Paragraph 36 of the Second

1    Amended Complaint.  With respect to the allegations concerning the current relationship between

2    NCG and LLCP, Defendants are without sufficient knowledge or information to form a belief as

3    to the truth of the allegations contained in Paragraph 36 and on that basis deny each and every

4    allegation.

5

6                    37.    Defendants deny each and every allegation of Paragraph 37 of the Second

7    Amended Complaint.

8

9                    38.    Defendants deny each and every allegation of Paragraph 38 of the Second

10   Amended Complaint, which consists entirely of legal conclusions.

11

12                   39.    Defendants deny each and every allegation of Paragraph 39 of the Second

13   Amended Complaint, which consists entirely of legal conclusions.

14

15                   40.    Defendants deny each and every allegation of Paragraph 40 of the Second

16   Amended Complaint, which consists entirely of legal conclusions.

17

18                   41.    Defendants deny each and every allegation of Paragraph 41 of the Second

19   Amended Complaint, which consists entirely of legal conclusions, except that Defendants admit

20   California district attorneys have the discretion to set the criteria for determining whom, if anyone,

21   to offer the opportunity to participate in a bad check diversion program.

22

23                   42.    Defendants deny each and every allegation of Paragraph 42 of the Second

24   Amended Complaint, which consists entirely of legal conclusions.

25

26                   43.    Defendants deny each and every allegation of Paragraph 43 of the Second

27   Amended Complaint, which consists entirely of legal conclusions.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

44.     Defendants deny each and every allegation of Paragraph 44 of the Second Amended Complaint, which consists entirely of legal conclusions.

45.     Defendants deny each and every allegation of Paragraph 45 of the Second Amended Complaint, which consists entirely of legal conclusions.

46.     Defendants deny each and every allegation of Paragraph 46 of the Second Amended Complaint except that Defendants admit that certain district attorneys have -- in carrying out their lawful duties and in accord with state law -- entered into contracts with ACCS and/or NCG to administer portions of the District Attorney's statutorily-authorized criminal bad check diversion programs.

47.     Defendants deny each and every allegation of Paragraph 47 of the Second Amended Complaint except that Defendants admit attached to the Second Amended Complaint are what purport to be copies of a San Mateo consulting and administrative agreement, as well as of documents purporting to reference intake criteria, dispute resolution criteria and prosecution review criteria.

48.     Defendants deny each and every allegation of Paragraph 48 of the Second Amended Complaint.

49.     Defendants deny each and every allegation of Paragraph 49 of the Second Amended Complaint, including the legal conclusions that make up most or all of the allegations in the Paragraph.

50.     Defendants deny each and every allegation of Paragraph 50 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 50.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

51.     Defendants deny each and every allegation of Paragraph 51 of the Second Amended Complaint.

52.     Defendants deny each and every allegation of Paragraph 52 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 52.

53.     Defendants deny each and every allegation of Paragraph 53 of the Second Amended Complaint.

54.     Defendants deny each and every allegation of Paragraph 54 of the Second Amended Complaint except that Defendants admit that the terms of any individual contracts speak for themselves subject to any understandings of the actual parties to the contracts including California's district attorneys.

55.     Defendants deny each and every allegation of Paragraph 55 of the Second Amended Complaint except that Defendants admit that the terms of any individual contracts speak for themselves subject to any understandings of the actual parties to the contracts including California's district attorneys.

56.     Defendants deny each and every allegation of Paragraph 56 of the Second Amended Complaint.  As to the specific allegations regarding the Los Angeles County district attorney's office, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 and on that basis deny each and every allegation.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

57.     Defendants deny each and every allegation of Paragraph 57 of the Second Amended Complaint except that Defendants admit attached to the Second Amended Complaint are what purport to be copies of a Letter Series Approval.

58.     Defendants deny each and every allegation of Paragraph 58 of the Second Amended Complaint except that Defendants admit at either ACCS or NCG, the company's professionals were to carefully comply with the unique, specific instructions and requirements of each individual district attorney.

59.     Defendants deny each and every allegation of Paragraph 59 of the Second Amended Complaint.

60.     Defendants deny each and every allegation of Paragraph 60 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 60.

61.     Defendants deny each and every allegation of Paragraph 61 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 61.

62.     Defendants deny each and every allegation of Paragraph 62 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 62.

63.     Defendants deny each and every allegation of Paragraph 63 of the Second Amended Complaint.

64.     Defendants deny each and every allegation of Paragraph 64 of the Second Amended Complaint.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

65.     Defendants deny each and every allegation of Paragraph 65 of the Second Amended Complaint.

66.     Defendants deny each and every allegation of Paragraph 66 of the Second Amended Complaint.

67.     Defendants deny each and every allegation of Paragraph 67 of the Second Amended Complaint except that Defendants admit that consistent with the requirements, instructions, and written approval of certain individual district attorneys, certain letters for the individual district attorney's criminal bad check diversion program may have contained the applicable district attorney's letterhead, logo, or postal box address.

68.     Defendants deny each and every allegation of Paragraph 68 of the Second Amended Complaint.

69.     Defendants deny each and every allegation of Paragraph 69 of the Second Amended Complaint.

70.     Defendants deny each and every allegation of Paragraph 70 of the Second Amended Complaint.

71.     Defendants deny each and every allegation of Paragraph 71 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 71.

72.     Defendants deny each and every allegation of Paragraph 72 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 72.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

73.     Defendants deny each and every allegation of Paragraph 73 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as exhibits two letters with one on its face addressing the Sonoma County District Attorney's Bad Check Diversion Program and the other on its face addressing the Merced County District Attorney's Bad Check Diversion Program.

74.     Defendants deny each and every allegation of Paragraph 74 of the Second Amended Complaint.

75.     Defendants deny each and every allegation of Paragraph 75 of the Second Amended Complaint.

76.     Defendants deny each and every allegation of Paragraph 76 of the Second Amended Complaint.

77.     Defendants deny each and every allegation of Paragraph 77 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach to the Second Amended Complaint a number of letters allegedly sent to plaintiff Christine Smith.

78.     Defendants deny each and every allegation of Paragraph 78 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 and on that basis deny each and every allegation.

79.     Defendants deny each and every allegation of Paragraph 79 of the Second Amended Complaint except that Defendants admit that the individual contracts with each

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

12

individual district attorney contained precise terms relating to the allocation of diversion program funds to the victims, district attorneys, and/or ACCS or NCG.

80.     Defendants deny each and every allegation of Paragraph 80 of the Second Amended Complaint, including the legal conclusions contained in Paragraph 80.  As to the allegations concerning the amounts of various fee revenues, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 80 and on that basis deny each and every allegation.

81.     Defendants deny each and every allegation of Paragraph 81 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 81 and on that basis deny each and every allegation.

82.     Defendants deny each and every allegation of Paragraph 82 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 and on that basis deny each and every allegation.

83.     Defendants deny each and every allegation of Paragraph 83 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 83 and on that basis deny each and every allegation.

84.     Defendants deny each and every allegation of Paragraph 84 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

belief as to the truth of the allegations contained in Paragraph 84 and on that basis deny each and every allegation.

85.     Defendants deny each and every allegation of Paragraph 85 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 85 and on that basis deny each and every allegation.

86.     Defendants deny each and every allegation of Paragraph 86 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 86 and on that basis deny each and every allegation.

87.     Defendants deny each and every allegation of Paragraph 87 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 87 and on that basis deny each and every allegation.

88.     Defendants deny each and every allegation of Paragraph 88 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Christine Smith, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Smith received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88 and on that basis deny each and every allegation.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

89.     Defendants deny each and every allegation of Paragraph 89 of the Second Amended Complaint except that Defendants admit that the terms of the alleged letter attached as Exhibit F speaks for itself.

90.     Defendants deny each and every allegation of Paragraph 90 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Christine Smith, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Smith received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 and on that basis deny each and every allegation.

91.     Defendants deny each and every allegation of Paragraph 91 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Christine Smith, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Smith received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 91 and on that basis deny each and every allegation.

92.     Defendants deny each and every allegation of Paragraph 92 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 92 and on that basis deny each and every allegation.

93.     Defendants deny each and every allegation of Paragraph 93 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

the Second Amended Complaint a letter addressed to plaintiff Christine Smith, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Smith received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 93 and on that basis deny each and every allegation.

94.     Defendants deny each and every allegation of Paragraph 94 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as exhibits to the Second Amended Complaint letters addressed to plaintiff Christine Smith, the language of each which speaks for itself.  As to the allegations regarding whether plaintiff Smith received the purported letters, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 94 and on that basis deny each and every allegation.

95.     Defendants deny each and every allegation of Paragraph 95 of the Second Amended Complaint.

96.     Defendants deny each and every allegation of Paragraph 96 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 96 and on that basis deny each and every allegation.

97.     Defendants deny each and every allegation of Paragraph 97 of the Second Amended Complaint.

98.     Defendants deny each and every allegation of Paragraph 98 of the Second Amended Complaint.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

99.     Defendants deny each and every allegation of Paragraph 99 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 99 and on that basis deny each and every allegation.

100.     Defendants deny each and every allegation of Paragraph 100 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 100 and on that basis deny each and every allegation.

101.     Defendants deny each and every allegation of Paragraph 101 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Lois Artz, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Artz received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 101 and on that basis deny each and every allegation.

102.     Defendants deny each and every allegation of Paragraph 102 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Lois Artz, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Artz received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 102 and on that basis deny each and every allegation.

103.     Defendants deny each and every allegation of Paragraph 103 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Lois Artz, the language of which

speaks for itself.  As to the allegations regarding whether plaintiff Artz received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 103 and on that basis deny each and every allegation.

104.    Defendants deny each and every allegation of Paragraph 104 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 104 and on that basis deny each and every allegation.

105.    Defendants deny each and every allegation of Paragraph 105 of the Second Amended Complaint.

106.    Defendants deny each and every allegation of Paragraph 106 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 106 and on that basis deny each and every allegation.

107.    Defendants deny each and every allegation of Paragraph 107 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 107 and on that basis deny each and every allegation.

108.    Defendants deny each and every allegation of Paragraph 108 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 108 and on that basis deny each and every allegation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

109.     Defendants deny each and every allegation of Paragraph 109 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 109 and on that basis deny each and every allegation.

110.     Defendants deny each and every allegation of Paragraph 110 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 110 and on that basis deny each and every allegation.

111.     Defendants deny each and every allegation of Paragraph 111 of the Second Amended Complaint.  As to the specific allegations concerning plaintiff Artz's mental states or time allegedly spent completing the home study program, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 111 and on that basis deny each and every allegation.

112.     Defendants deny each and every allegation of Paragraph 112 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 112 and on that basis deny each and every allegation.

113.     Defendants deny each and every allegation of Paragraph 113 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 113 and on that basis deny each and every allegation.

1    114.    Defendants deny each and every allegation of Paragraph 114 of the Second

2    Amended Complaint.  As to the allegations regarding the existence of or content of any specific

3    letters allegedly sent to plaintiff Ashley Henderson, Defendants are without sufficient knowledge

4    or information to form a belief as to the truth of the allegations contained in Paragraph 114 and on

5    that basis deny each and every allegation.

6

7    115.    Defendants deny each and every allegation of Paragraph 115 of the Second

8    Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to

9    the Second Amended Complaint a letter addressed to plaintiff Ashley Henderson, the language of

10    which speaks for itself.  As to the allegations regarding whether plaintiff Henderson received the

11    purported letter, Defendants are without sufficient knowledge or information to form a belief as to

12    the truth of the allegations contained in Paragraph 115 and on that basis deny each and every

13    allegation.

14

15    116.    Defendants deny each and every allegation of Paragraph 116 of the Second

16    Amended Complaint.  Defendants are without sufficient knowledge or information to form a

17    belief as to the truth of the allegations contained in Paragraph 116 and on that basis deny each and

18    every allegation.

19

20    117.    Defendants deny each and every allegation of Paragraph 117 of the Second

21    Amended Complaint.  Defendants are without sufficient knowledge or information to form a

22    belief as to the truth of the allegations contained in Paragraph 117 and on that basis deny each and

23    every allegation.

24

25    118.    Defendants deny each and every allegation of Paragraph 118 of the Second

26    Amended Complaint.  Defendants are without sufficient knowledge or information to form a

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

belief as to the truth of the allegations contained in Paragraph 118 and on that basis deny each and every allegation.

119.    Defendants deny each and every allegation of Paragraph 119 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 119 and on that basis deny each and every allegation.

120.    Defendants deny each and every allegation of Paragraph 120 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 120 and on that basis deny each and every allegation.

121.    Defendants deny each and every allegation of Paragraph 121 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 121 and on that basis deny each and every allegation.

122.    Defendants deny each and every allegation of Paragraph 122 of the Second Amended Complaint.  As to the allegations concerning specific correspondence with plaintiff Henderson, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 122 and on that basis deny each and every allegation.

123.    Defendants deny each and every allegation of Paragraph 123 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

belief as to the truth of the allegations contained in Paragraph 123 and on that basis deny each and every allegation.

124.   Defendants deny each and every allegation of Paragraph 124 of the Second Amended Complaint.

125.   Defendants deny each and every allegation of Paragraph 125 of the Second Amended Complaint.

126.   Defendants deny each and every allegation of Paragraph 126 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 126 and on that basis deny each and every allegation.

127.   Defendants deny each and every allegation of Paragraph 127 of the Second Amended Complaint.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 127 and on that basis deny each and every allegation.

128.   Defendants deny each and every allegation of Paragraph 128 of the Second Amended Complaint.  As to the allegations of specific correspondence with plaintiff Jana Sperling, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 128 and on that basis deny each and every allegation.

129.   Defendants deny each and every allegation of Paragraph 129 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

the Second Amended Complaint a letter addressed to plaintiff Sperling, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Sperling received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 129 and on that basis deny each and every allegation.

130.    Defendants deny each and every allegation of Paragraph 130 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Sperling, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Sperling received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 130 and on that basis deny each and every allegation.

131.    Defendants deny each and every allegation of Paragraph 131 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 131 and on that basis deny each and every allegation.

132.    Defendants deny each and every allegation of Paragraph 132 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 132 and on that basis deny each and every allegation.

133.    Defendants deny each and every allegation of Paragraph 133 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 133 and on that basis deny each and every allegation.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

134.   Defendants deny each and every allegation of Paragraph 134 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 134 and on that basis deny each and every allegation.

135.   Defendants deny each and every allegation of Paragraph 135 of the Second Amended Complaint.

136.   Defendants deny each and every allegation of Paragraph 136 of the Second Amended Complaint.

137.   Defendants deny each and every allegation of Paragraph 137 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 137 and on that basis deny each and every allegation.

138.   Defendants deny each and every allegation of Paragraph 138 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Toni Nelson, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Nelson received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 138 and on that basis deny each and every allegation.

139.   Defendants deny each and every allegation of Paragraph 139 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 139 and on that basis deny each and every allegation.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

140.     Defendants deny each and every allegation of Paragraph 140 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Neilson, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Neilson received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 140 and on that basis deny each and every allegation.

141.     Defendants deny each and every allegation of Paragraph 141 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 141 and on that basis deny each and every allegation.

142.     Defendants deny each and every allegation of Paragraph 142 of the Second Amended Complaint except that Defendants admit that Plaintiffs purport to attach as an exhibit to the Second Amended Complaint a letter addressed to plaintiff Neilson, the language of which speaks for itself.  As to the allegations regarding whether plaintiff Neilson received the purported letter, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 142 and on that basis deny each and every allegation.

143.     Defendants deny each and every allegation of Paragraph 143 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 143 and on that basis deny each and every allegation.

144.     Defendants deny each and every allegation of Paragraph 144 of the Second Amended Complaint. Defendants are without sufficient knowledge or information to form a belief

1    as to the truth of the allegations contained in Paragraph 144 and on that basis deny each and every

2    allegation.

3

4                    145.    Defendants deny each and every allegation of Paragraph 145 of the Second

5    Amended Complaint.

6

7                    146.    Defendants deny each and every allegation of Paragraph 146 of the Second

8    Amended Complaint.

9

10                   147.    Defendants deny each and every allegation of Paragraph 147 of the Second

11   Amended Complaint except that Defendants admit that Plaintiffs purport to bring this case as a

12   class action, while Defendants deny that class certification is appropriate and otherwise deny each

13   and every allegation of Paragraph 147.

14

15                   148.    Defendants deny each and every allegation of Paragraph 148 of the Second

16   Amended Complaint.

17

18                   149.    Defendants deny each and every allegation of Paragraph 149 of the Second

19   Amended Complaint.

20

21                   150.    Defendants deny each and every allegation of Paragraph 150 of the Second

22   Amended Complaint.

23

24                   151.    Defendants deny each and every allegation of Paragraph 151 of the Second

25   Amended Complaint.

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1    152.    Defendants deny each and every allegation of Paragraph 152 of the Second

2    Amended Complaint.

3

4    153.    Defendants deny each and every allegation of Paragraph 153 of the Second

5    Amended Complaint.

6

7    154.    Defendants incorporate by reference all previous responses to Paragraph 1

8    through 153 as though set forth herein.

9

10    155.    Defendants deny each and every allegation of Paragraph 155 of the Second

11    Amended Complaint, which consists entirely of legal conclusions.

12

13    156.    Defendants deny each and every allegation of Paragraph 156 of the Second

14    Amended Complaint, including all legal conclusions.

15

16    157.    Defendants deny each and every allegation of Paragraph 157 of the Second

17    Amended Complaint.

18

19    158.    Defendants deny each and every allegation of Paragraph 158 of the Second

20    Amended Complaint, which consists entirely of legal conclusions.

21

22    159.    Defendants deny each and every allegation of Paragraph 159 of the Second

23    Amended Complaint, except that defendant Schreck admits that he was retained by NCG from

24    April until December 2009; that he was retained by ACCS from 2004 into 2009, and that, as a

25    duly-appointed officer he executed certain contracts while at NCG; while defendant Stohlton

26    admits that he was retained by NCG from April until December 2009 and was retained by ACCS

27    previously from 2004 into 2009.

28

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

160.    Defendants deny each and every allegation of Paragraph 160 of the Second Amended Complaint, including all legal conclusions.

161.    Defendants deny each and every allegation of Paragraph 161 of the Second Amended Complaint, including all legal conclusions.

162.    Defendants deny each and every allegation of Paragraph 162 of the Second Amended Complaint, including all legal conclusions.

163.    Defendants deny each and every allegation of Paragraph 163 of the Second Amended Complaint, including all legal conclusions.

164.    Defendants deny each and every allegation of Paragraph 164 of the Second Amended Complaint, including all legal conclusions.

165.    Defendants deny each and every allegation of Paragraph 165 of the Second Amended Complaint, including all legal conclusions.

166.    Defendants deny each and every allegation of Paragraph 166 of the Second Amended Complaint, including all legal conclusions.

167.    Defendants deny each and every allegation of Paragraph 167 of the Second Amended Complaint.

168.    Defendants deny each and every allegation of Paragraph 168 of the Second Amended Complaint.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

169. Defendants deny each and every allegation of Paragraph 169 of the Second Amended Complaint.

170. Defendants deny each and every allegation of Paragraph 170 of the Second Amended Complaint.

171. Defendants incorporate by reference all previous responses to Paragraph 1 through 170 as though set forth herein.

172. Defendants deny each and every allegation of Paragraph 172 of the Second Amended Complaint, including all legal conclusions.

173. Defendants deny each and every allegation of Paragraph 173 of the Second Amended Complaint, including all legal conclusions.

174. Defendants deny each and every allegation of Paragraph 174 of the Second Amended Complaint, including all legal conclusions.

175. Defendants deny each and every allegation of Paragraph 175 of the Second Amended Complaint, including all legal conclusions.

176. Defendants deny each and every allegation of Paragraph 176 of the Second Amended Complaint, including all legal conclusions.

177. Defendants deny each and every allegation of Paragraph 177 of the Second Amended Complaint, including all legal conclusions, except that Defendants admit that the FDCPA does not apply to criminal bad check diversion programs like those run by various

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

California district attorneys nor does it apply to the companies retained by district attorneys to assist in administering such programs both because such programs are not covered by the FDCPA at all and/or applicable safe harbors apply.

178.     Defendants deny each and every allegation of Paragraph 178 of the Second Amended Complaint.

179.     Defendants deny each and every allegation of Paragraph 179 of the Second Amended Complaint, including all legal conclusions.

180.     Defendants deny each and every allegation of Paragraph 180 of the Second Amended Complaint, including all legal conclusions and all sub-parts.

181.     Defendants deny each and every allegation of Paragraph 181 of the Second Amended Complaint.

182.     Defendants deny each and every allegation of Paragraph 182 of the Second Amended Complaint.

183.     Defendants deny each and every allegation of Paragraph 183 of the Second Amended Complaint.

184.     Defendants incorporate by reference all previous responses to Paragraph 1 through 183 as though set forth herein.

185.     Defendants deny each and every allegation of Paragraph 185 of the Second Amended Complaint, including all legal conclusions.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

186.    Defendants deny each and every allegation of Paragraph 186 of the Second Amended Complaint, including all legal conclusions.

187.    Defendants deny each and every allegation of Paragraph 187 of the Second Amended Complaint.

188.    Defendants deny each and every allegation of Paragraph 188 of the Second Amended Complaint.

189.    Defendants deny each and every allegation of Paragraph 189 of the Second Amended Complaint.

190.    Defendants deny each and every allegation of Paragraph 190 of the Second Amended Complaint.

191.    Defendants incorporate by reference all previous responses to Paragraph 1 through 190 as though set forth herein.

192.    Defendants deny each and every allegation of Paragraph 192 of the Second Amended Complaint, including all legal conclusions.

193.    Defendants deny each and every allegation of Paragraph 193 of the Second Amended Complaint, including all legal conclusions.

194.    Defendants deny each and every allegation of Paragraph 194 of the Second Amended Complaint, including all legal conclusions.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

195.     Defendants deny each and every allegation of Paragraph 195 of the Second Amended Complaint except that Defendants admit that after December 31, 2009 they have not worked for NCG.

196.     Defendants deny each and every allegation of Paragraph 196 of the Second Amended Complaint, particularly to the extent it seeks to infringe on various privileges.  As to the allegations regarding LLCP's decision-making process, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 196 and on that basis deny each and every allegation.

197.     Defendants deny each and every allegation of Paragraph 197 of the Second Amended Complaint.

198.     Defendants deny each and every allegation of Paragraph 198 of the Second Amended Complaint, including all legal conclusions.

199.     Defendants deny each and every allegation of Paragraph 199 of the Second Amended Complaint.

200.     Defendants deny each and every allegation of Paragraph 200 of the Second Amended Complaint.

201.     Defendants deny each and every allegation of Paragraph 201 of the Second Amended Complaint.

202.     Defendants deny each and every allegation of Paragraph 202 of the Second Amended Complaint.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

203.    Defendants deny each and every allegation of Paragraph 203 of the Second Amended Complaint.

204.    Defendants incorporate by reference all previous responses to Paragraph 1 through 203 as though set forth herein.

205.    Defendants deny each and every allegation of Paragraph 205 of the Second Amended Complaint.

206.    Defendants deny each and every allegation of Paragraph 206 of the Second Amended Complaint.

207.    Defendants deny each and every allegation of Paragraph 207 of the Second Amended Complaint.

208.    Defendants deny each and every allegation of Paragraph 208 of the Second Amended Complaint.

209.    In response to the "Prayer for Relief" and all sections thereunder, Defendants deny that Plaintiff has been damaged in the amount alleged, or in any amount, or at all, and further denies that Plaintiff is entitled to any of the relief sought thereunder, whether equitable or otherwise, for costs and/or attorneys' fees, or otherwise.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## AFFIRMATIVE DEFENSES

As and for its separate affirmative defenses to each of the claims pled in the Second Complaint, without altering any burdens of proof, Defendants plead as follows:

## FIRST AFFIRMATIVE DEFENSE
### (No Claim for Relief)

The allegations of the Second Amended Complaint, including each and every claim asserted against the Defendants in the Second Amended Complaints, fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs and/or any person they purport to represent lack standing to assert each and every claim made in this action.

## THIRD AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

Each and every one of Plaintiffs claims in the Second Amended Complaint, or those for any person they purport to represent, are barred by the applicable statutes of limitations including, but not limited to, 15 U.S.C. § 1692k(d); California Business & Professions Code § 17208; California Code of Civil Procedure § 338; and that recognized in *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156, 107 S. Ct. 2759, 97 L. Ed. 2d 121 (1987).

1

**FOURTH AFFIRMATIVE DEFENSE**

2

**(Principal/Agent Relationship)**

3

4          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

5    those for any person they purport to represent, are barred, in whole or in part, because of the

6    agency relationship between the Defendants and/or NCG and/or ACCS, on the one hand, and

7    various California district attorneys on the other hand.

8

9

**FIFTH AFFIRMATIVE DEFENSE**

10

**(Exemption from Liability)**

11

12          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

13    those for any person they purport to represent, are barred, in whole or in part, because the criminal

14    bad check diversion programs run by California's district attorneys (including any role of the

15    Defendants and/or NCG and/or ACCS) are not governed by the FDCPA.

16

17

**SIXTH AFFIRMATIVE DEFENSE**

18

**(Statutory Exclusion)**

19

20          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

21    those for any person they purport to represent, are barred, in whole or in part, because all or part of

22    the actions challenged are protected by the provisions of 15 U.S.C. § 1692p (if the FDCPA were

23    erroneously held to apply to the criminal bad-check diversion programs run under and in accord

24    with district attorney supervision at issue in this action).

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

1

2

**SEVENTH AFFIRMATIVE DEFENSE**

**(Compliance with State Law Authorizing Conduct)**

3

4       Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

5  those for any person they purport to represent, are barred, in whole or in part, because the actions

6  challenges were all taken in full compliance with applicable state law, including statutes

7  specifically authorizing California's district attorneys to retain companies such as ACCS or NCG

8  to perform services related to bad-check diversion programs.

9

10

**EIGHTH AFFIRMATIVE DEFENSE**

**(Prosecutorial Immunity)**

11

12

13       Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

14  those for any person they purport to represent, are barred, in whole or in part, by the doctrine of

15  prosecutorial immunity.

16

17

**NINTH AFFIRMATIVE DEFENSE**

**(Prosecutorial Privileges)**

18

19

20       Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

21  those for any person they purport to represent, are barred, in whole or in part, by privileges

22  attached to state prosecutors and the conduct of their prosecutorial duties.

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TENTH AFFIRMATIVE DEFENSE

### (State Direction)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the Defendants were acting under the direction and control of state criminal law officials performing their criminal law enforcement duties.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Probable Cause)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because both California's district attorneys and any parties harmed by Plaintiffs' actions or the actions of those that Plaintiffs' purport to represent had probable cause to initiate a criminal prosecution for violation of California Penal Code §§ 476 and 476a.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because federal courts lack jurisdiction to review, rule upon, or hold invalid the internal prosecution and/or probable cause criteria of state law enforcement officials.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (First Amendment)

3

4          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

5   those for any person they purport to represent, are barred, in whole or in part, because the

6   challenged conduct is protected by the First Amendment of the United States Constitution.

7

8

## FOURTEENTH AFFIRMATIVE DEFENSE

9

### (Free Speech - California Constitution)

10

11          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

12   those for any person they purport to represent, are barred, in whole or in part, because the

13   challenged conduct is protected by the freedom of speech provisions of the California

14   Constitution, including Art. I, § 2 of the California Constitution.

15

16

## FIFTEENTH AFFIRMATIVE DEFENSE

17

### (Litigation Privileges)

18

19          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

20   those for any person they purport to represent, are barred, in whole or in part, because the

21   challenged conduct is protected by the litigation privileges found in California Civil Code § 47

22   and/or recognized under federal law.

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2

**(Estoppel)**

3

4          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

5   those for any person they purport to represent, are barred, in whole or in part, because Plaintiffs --

6   and/or any person they purport to represent -- by their conduct and/or the conduct of their agents

7   are legally and/or equitably estopped to assert  their claims or other rights against Defendants.

8

9

**SEVENTEENTH AFFIRMATIVE DEFENSE**

10

**(Consent and/or Acquiescence)**

11

12          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

13   those for any person they purport to represent, are barred, in whole or in part, because Plaintiffs --

14   and/or any person they purport to represent -- by their conduct and/or the conduct of their agents

15   have acquiesced or consented to the conduct and rights of ACCS, NCG, and/or the Defendants.

16

17

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18

**(Waiver)**

19

20          Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

21   those for any person they purport to represent, are barred, in whole or in part, because Plaintiffs --

22   and/or any person they purport to represent -- by their conduct and/or the conduct of their agents

23   have waived their claims and other rights against ACCS, NCG, and/or the Defendants.

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## NINETEENTH AFFIRMATIVE DEFENSE

### (Ratification)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because Plaintiffs and/or any person they purport to represent have ratified the conduct alleged in the Second Amended Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Laches)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, by the doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, by the equitable doctrine of unclean hands.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2

**(Unconstitutionality - Lack of Power Under the Commerce Clause or Other Congressional**

3

**Grants of Power)**

4

5

   Each and every one of Plaintiff's claims in the Second Amended Complaint, or

6

those for any person they purport to represent, are barred, in whole or in part, because the federal

7

statutes invoked by Plaintiffs and/or any they person they purport to represent are unconstitutional

8

as exceeding any powers granted to Congress under the Commerce Clause or any other provision

9

of the United States Constitution -- considering the statutes either facially or as-applied -- if

10

applied to the challenged conduct concerning any defendant's actions taken in compliance with the

11

directions, instructions, and commands of California's various district attorneys as it relates to

12

criminal bad-check diversion programs operated by the district attorneys.

13

14

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

15

**(Unconstitutionality -- Tenth Amendment)**

16

17

   Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

18

those for any person they purport to represent, are barred, in whole or in part, because application

19

of the federal statutes to the defendants, California's district attorneys, or to the district attorney-

20

created and -run criminal diversion programs at issue unconstitutionally infringes on traditional

21

state police powers in violation of the Tenth Amendment to the United States Constitution.

22

23

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24

**(Unconstitutionality -- Eleventh Amendment)**

25

26

   Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

27

those for any person they purport to represent, are barred, in whole or in part, because application

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

of the federal statutes to the defendants, California's district attorneys, or to the district attorney-created and -run criminal diversion programs at issue, including the awarding of damages, unconstitutionally infringes on sovereign immunity in violation of the Eleventh Amendment to the United States Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unconstitutionality -- Federalism)**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because application of the federal statutes to the defendants, California's district attorneys, or to the district attorney-created and -run criminal diversion programs at issue unconstitutionally infringes on spheres protected by the federalism concerns embodied in the nature of the United States Constitution, including those reflected in the prohibition on commandeering state law enforcement actors such as district attorneys.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs and/or any person they purport to represent are barred from recovering injunctive relief on each and every claim in the Second Amended Complaint because there is an adequate remedy at law.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Prior Breach of Agreement)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, from pursuing any legal or equitable relief by virtue of their breach(es) of any agreements between plaintiffs and/or any person they purport to represent, on the one hand, and either California's district attorneys, ACCS, or NCG, on the other hand.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

Each and every one of Plaintiffs' claims in the Second Amended Complaint against Defendants, or those for any person they purport to represent, are barred, in whole or in part, to the extent that Defendants have offsetting claims or to the extent that Plaintiffs or those they purport to represent have already recovered for any and all claims that could have been asserted in other proceedings or that may have been obtained from other individuals, firms, corporations or entities.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Defendants deny any liability or legal responsibility for each and every one of the claims purportedly asserted in the Second Amended Complaint. If Defendants are, however, found to be legally responsible in any manner, then they allege that their legal responsibilities are not the sole and proximate cause of Plaintiffs' injuries and/or any person they purport to represent, and the damages awarded, if any, are to be apportioned in accordance with the fault and legal

responsibility of all other parties, persons and entities (including their agents or others), who contributed to and/or caused any such damages, according to proof.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Comparative/Contributory Negligence)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, or any damages (if any) must be reduced or barred to the extent any loss resulting from the matters alleged in the Second Amended Complaint to the extent the conduct of Plaintiffs or any person they purport to represent contributed to or was a cause of loss, if any, for Plaintiffs and/or any person they purport to represent.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### (No Damage or Injury Suffered)

Plaintiffs and/or any person they purport to represent have suffered no cognizable damage or injury as a result of the matters alleged in the Second Amended Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
#### (Damage Not Proximately Caused)

Plaintiffs' Second Amended Complaint, and each purported cause of action alleged therein including those for any person they purport to represent, is barred because any alleged acts, or alleged omissions to act, by the Defendants were not the proximate cause of any injuries allegedly suffered by Plaintiffs or by any person Plaintiffs purport to represent..

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Damages Resulted From Own Acts)

Plaintiffs' Second Amended Complaint, and each purported cause of action alleged therein including those for any person they purport to represent, is barred because the damages, if any, suffered by Plaintiffs or by any person Plaintiffs purport to represent are the result of their own acts or omissions.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' Second Amended Complaint, and each purported cause of action alleged therein including those for any person they purport to represent, is barred because Plaintiffs and/or those they purport to represent have failed to mitigate their damages and have failed to exercise due diligence in an effort to mitigate their damages.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

At all times, Defendants' conduct was undertaken in good faith.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the

1  Defendants actions were, at worst, conducted in accordance with a bona fide error notwithstanding

2  the maintenance of any and all procedures reasonable adapted to avoid such error.

3

4  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

5  **(Reasonable Commercial Standards)**

6

7  Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

8  those for any person they purport to represent, are barred, in whole or in part, because the

9  Defendants actions were conducted in good faith and in accordance with reasonable commercial

10  standards.

11

12  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

13  **(Privileged Conduct)**

14

15  Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

16  those for any person they purport to represent, are barred, in whole or in part, because the

17  Defendants actions were privileged including, but not limited to, the privileges attributable to a

18  district attorney's unreviewable ability to threaten prosecution of individuals with potential

19  prosecution for violation of state laws.

20

21  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

22  **(No Individual Liability)**

23

24  Each and every one of Plaintiffs' claims in the Second Amended Complaint, or

25  those for any person they purport to represent, are barred, in whole or in part, because the

26  Defendants actions, if any, or any actions attributable to corporations, if any, did not and could not

27  give rise to individual liability for Defendants.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**FORTIETH AFFIRMATIVE DEFENSE**

**(Lack of Due Process)**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because subjecting the individual Defendants to liability, if any, violates the Due Process clauses of the United States Constitution and the California Constitution, including, but not limited to, a lack of fair notice, violations of procedural due process, and violations of substantive due process.  Among these violations of due process is the improper attempt to hold Defendants' vicariously or otherwise liable for the alleged failures of constitutionally-protected state law enforcement actors such as California's district attorneys without requiring Plaintiffs or those they purport to represent to join the district attorneys in this case.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Constitutional Limitations on Damages)**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the alleged damages sought -- including treble, statutory or punitive damages -- violate the Excessive Fines and/or Due Process Clauses of United States Constitution.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Unavailability of Class Certification)**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, cannot and should not be maintained as a class action because the claims fail to meet the necessary requirements for certification as a class or

47

collective action including, but not limited to, lack of numerosity, commonality, typicality, predominance, superiority, adequacy of the class representatives, adequacy of class counsel, and similarity.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Join Under Federal Rule of Civil Procedure 19(a))**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, against the Defendants are barred, in whole or in part, because the Plaintiffs and those they purport to represent have failed to join parties whose joinder is required under Federal Rule of Civil Procedure 19(a), particularly each of the California district attorneys whose programs Plaintiffs allege are operated in violation of state and federal law.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Inability to Join Indispensable Parties Under Federal Rule of Civil Procedure 19(b))**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the Plaintiffs and those they purport to represent have not and cannot join indispensable parties -- namely each of the California district attorneys whose programs Plaintiffs allege are operated in violation of federal and state law.  The failure to join these necessary and indispensable parties has already and will continue to prejudice the Defendants' defense of this action, resulting in error under Rule 19(b) and a violation of Defendants' rights to due process in defending themselves.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Specificity Under Rule 9(b))

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the Plaintiffs and those they represent have failed to plead their allegations of fraud with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Establish Falsity or Reasonable Reliance)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the Plaintiffs and those they represent cannot establish either falsity, reasonable reliance, or any impropriety of the district attorneys responsible for any and all challenged communications.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Conflict of Laws)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the Plaintiffs' claims or those for any person they purport to represents are barred by provisions of federal and state law that are incompatible with the maintenance of the present claims including, without limitation, the bars on federal liability for state actors operating bad-check diversion programs, such as California's district attorneys, and the California statutes specifically authorizing district attorneys to use companies to assist in administering their bad-check diversion programs.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Legal Duty)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred, in whole or in part, because the Defendants lacked any legal duty owed to either Plaintiffs or any member of the purported putative class.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Abstention Doctrines)

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, are barred or should not be decided in federal court, in whole or in part, because -- under various applicable abstention doctrines, including federalism concerns and comity, among others -- the Court should decline to exercise jurisdiction or resolve the state law issues that predominate in this action , which should be resolved instead in another venue, such as California state court.

## FIFTIETH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Any claim for recovery of attorneys' fees is barred as to any purported cause of action for which such relief is not available.

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

The punitive damages sought by Plaintiffs or for any person they purport to represent are unconstitutional under either or both the due process clauses of the United States Constitution found in the Fifth Amendment and the Fourteenth Amendment and/or under the California Constitution, whether as unconstitutionally excessive, arbitrary, capricious, imposed without adequate procedural protections, or imposed without fair notice.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

**(Unconstitutionality on Vagueness Grounds as to Business & Professions Code § 17200 et seq.)**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, relating to California's Business & Professions Code § 17200, et seq. are barred, in whole or in part, to the extent that the statute is unconstitutionally vague in violation of the Fourteenth Amendment of the United States Constitution or Article I, § 7 of the California Constitution.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

**(Legality Under California Law)**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, relating to California's Business & Professions Code § 17200, et seq. are barred, in whole or in part, because the challenged conduct is legal under California law.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

**(Failure to State a Violation of Business & Professions Code § 17200 et. seq.)**

Each and every one of Plaintiffs' claims in the Second Amended Complaint, or those for any person they purport to represent, relating to California's Business & Professions Code § 17200, et seq. are barred, in whole or in part, because the Defendants alleged conduct is neither unlawful nor unfair nor fraudulent.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

**(Punitive Damages Unavailable)**

The Complaint and each of its purported claims fail to state facts sufficient to support a claim for relief for which punitive damages may be awarded.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

**(Right to Assert Additional Affirmative Defenses)**

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

DATED: March 23, 2011          PAYNE & FEARS LLP

By:_____/s/Benjamin A. Nix_____
                BENJAMIN A. NIX

Attorneys for Defendants
MICHAEL C. SCHRECK AND BRETT STOHLTON

52

**DEMAND FOR TRIAL BY JURY**

Plaintiffs respectfully demand trial by jury of all issues triable of jury by right pursuant to Federal Rule of Civil Procedure 38(b).

DATED: March 23, 2011                    PAYNE & FEARS LLP

By:_____/s/Benjamin A. Nix_____
                              BENJAMIN A. NIX

Attorneys for Defendants
MICHAEL C. SCHRECK AND BRETT STOHLTON

4850-5625-8569.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Schreck and Stohlton's Answer to Second Amended Complaint
(Case No. 10-CV-00010-JSW)