IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SMITH, et al., | No. C 10-00010 JSW |
| Plaintiffs, | **ORDER DENYING WITHOUT PREJUDICE APPLICATION FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT** |
| v. | |
| LEVINE LEICHTMAN CAPITAL PARTNERS, INC., et al., | |
| Defendants. | |

Now before the Court is the application brought by Defendant National Corrective Group, Inc. ("NCG") for an order to show cause regarding civil contempt against Irv Ackelsberg ("Ackelsberg"). On March 9, 2011, this Court granted NCG's motion to require Plaintiffs' counsel, attorneys Arons, Ackelsberg, Gupta, Wilcox and Grogan, to withdraw as counsel from this action ("Disqualification Order"). In the Disqualification Order, the Court found that the interests of the members of the putative class in the above captioned matter, who may have claims in *Del Campo v. American Corrective Counseling Services, Inc., et al.*, No. 01-21151 JW ("*Del Campo* class action") would be compromised by permitting Plaintiffs' counsel to continue with its concurrent representation of the *Del Campo* class and the putative *Smith* class.

Since May 13, 2009, Ackelsberg has been representing the *Del Campo* class, among other classes, in *In re SCH Corp., et al.*, United States Bankruptcy Court for the District Court of Delaware, Case No. 09-10198 (BLS) ("Bankruptcy Action"). (*See* Docket No. 434.) Based on a motion Ackelesberg filed in the Bankruptcy Action on March 27, 2012, as well as a letter

Ackelsberg wrote on behalf of the consumer class action creditors in the Bankruptcy Action to counsel in the above captioned matter, NCG now argues that Ackelsberg is violating this Court's Disqualification Order by continuing to represent the *Del Campo* class, which includes some members of the putative *Smith* class.

In light of the fact that the Disqualification Order only addressed Ackelsberg's representation of class members in the above captioned matter, it is not clear why NCG is moving for an order of contempt, as opposed to moving in the Bankruptcy Action to disqualify Ackelsberg from representing class members in that case. Accordingly, the Court DENIES NCG's application for an order to show cause regarding contempt. However, this Order is without prejudice to NCG refiling an application to show cause upon a showing Ackelsberg is violating specific language in the Disqualification Order by representing class members in another matter.

**IT IS SO ORDERED.**

Dated: June 7, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE