IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTINA SMITH, et al.,

    Plaintiffs,

v.

LEVINE LEICHTMAN CAPITAL PARTNERS, INC., et al.,

    Defendants.

No. C 10-00010 JSW

**ORDER REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

    Now before the Court is the motion for final approval of class action settlement filed by Plaintiffs. Although the parties have made some substantial changes to their settlement agreement, the Court still has some concerns. First, although some of the imbalances in the release provisions have been cured, the release provisions are still problematic. While the class members would release claims against all Defendants, only National Corrective Group, Inc. ("NCG") would release claims against class members. Moreover, it is not clear why the settlement agreement should require class members to release claims relating to the administration of the settlement, which involves events that have not occurred yet, in addition to that arise out of or relate to the Diversion Programs.

    Second, the Court had concerns with the proposed injunctive relief when it denied final approval of the prior settlement agreement. The Court noted that the proposed injunctive relief did not appear to provide much relief or benefit for the class. Pursuant to the proposed settlement, NCG was only required to alter the letters sent for a period of two years. After that

time, NCG was not prohibited from mailing out letters with the same language challenged by this lawsuit. Moreover, the Court noted that proposed altered letters could still mislead recipients that the letters were sent by, or with individual authorization from, the district attorney and that the district attorney is accusing the recipients of violating the law. Instead of strengthening the scope of the injunctive relief, the parties have omitted any injunctive relief from the revised settlement agreement. In the absence of any injunctive relief, and in consideration that each class member will likely receive approximately two or eight dollars, the Court finds that the benefit to class members is quite minimal. Although the Court will not require the parties to provide injunctive relief as a condition of approval, the parties are admonished that the absence of effective injunctive relief may result in the Court limiting the attorneys' fees awarded to reflect the lack of substantial benefits to the class.

The parties shall submit a supplemental brief to address the Court's concerns by no later than July 11, 2013. The Court HEREBY CONTINUES the hearing on the motion for preliminary approval of the class action settlement to August 30, 2013 at 9:00 a.m. If the parties need more time to negotiate and amend the terms of the settlement agreement, they shall inform the Court by July 11, 2013

**IT IS SO ORDERED.**

Dated: June 27, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE