UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTINA SMITH, ASHLEY HENDERSON, JANA SPERLING, ESTATE OF TONI NEILSON, JESSICA SHOUSE, AMY LINDE, and ALBERT LACHOWICZ ex rel. JENNIFER PACZAN, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEVINE LEICHTMAN CAPITAL PARTNERS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS III, LP., LEVINE LEICHTMAN CAPITAL PARTNERS III, LLC, MICHAEL SCHRECK, BRETT STOHLTON and NATIONAL CORRECTIVE GROUP, INC. (dba "Corrective Solutions"),<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 10-CV-0010 JSW<br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT |

| | |
|---|---|
| 1 | WHEREAS, the above-referenced action ("Action") currently is pending before this |
| 2 | Court, alleging violations of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. |
| 3 | § 1962, et seq.; the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; |
| 4 | California's Unfair Competition Law, Business and Professions Code § 17200, et seq.; |
| 5 | Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. 2270.4 (the "FCEUE") and Unfair |
| 6 | Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-3, 2270.5 (the "UTPCPL"); as |
| 7 | well as unjust enrichment, intentional misrepresentation and negligent misrepresentation, against |
| 8 | defendants Levine Leichtman Capital Partners, Inc. and Levine Leichtman Capital Partners III, |
| 9 | LP (collectively, "LLCP"), Michael Schreck, Brett Stohlton and National Corrective Group, Inc. |
| 10 | (dba "Corrective Solutions") ("NCG") (collectively, "Defendants") by plaintiffs Christina Smith, |
| 11 | Ashley Henderson, Jana Sperling, Jessica Shouse, Albert Lachowicz ex rel. Jennifer Paczan and |
| 12 | Amy Linde (collectively, "Settlement Class Representatives"); |
| 13 | WHEREAS, Defendants have denied the allegations in this Action and asserted |
| 14 | numerous defenses to Settlement Class Representatives' claims; |
| 15 | WHEREAS, on February 3, 2012, Settlement Class Representatives applied to this Court |
| 16 | for an Order preliminarily approving a settlement of the Action in accordance with a settlement |
| 17 | agreement dated as of December 21, 2011 (Docket No. 261-4) (the "First Agreement "), and the |
| 18 | Court granted preliminary approval of the First Agreement on May 10, 2012; |
| 19 | WHEREAS, on October 23, 2012, Settlement Class Representatives applied to this Court |
| 20 | for an Order granting final approval to the First Agreement and, without a hearing, the Court |
| 21 | denied final approval of the First Agreement on November 15, 2012 (Docket No. 291); and |
| 22 | WHEREAS, on April 25, 2013, Settlement Class Representatives applied to this Court |
| 23 | for an Order preliminarily approving a settlement of the Action in accordance with an Amended |
| 24 | and Restated Settlement Agreement dated as of April, 5 2013; |
| 25 | WHEREAS, on June 27, 2013, this Court entered its Order Regarding Motion for |
| 26 | Preliminary Approval of Class Action Settlement; and |
| 27 | WHEREAS, the parties entered in a Second Amended and Restated Settlement |
| 28 | |

[PROPOSED] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT

Agreement (the "Agreement") and submitted it to this Court for preliminary approval on August 16, 2013. Upon review and consideration of the terms and conditions of the Agreement, including its exhibits;

Upon consideration of all prior proceedings in the Action; and

Upon consideration of the motion for Preliminary Approval of the Agreement, and the Settlement contemplated thereby, and all memoranda, declarations and other papers and arguments submitted with respect thereto;

NOW, THEREFORE, THE COURT FINDS AND ORDERS AS FOLLOWS:

1. All terms and phrases used in this Preliminary Approval Order shall have the same meanings ascribed to them in the Agreement, unless otherwise noted.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including, without limitation, the Settlement Class Members.

3. The Court hereby approves, for settlement purposes only, Jessica Shouse, Albert Lachowicz ex rel. Jennifer Paczan, Amy Linde, Christina Smith, Ashley Henderson and Jana Sperling as Settlement Class Representative Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class.

4. The Court hereby approves, for settlement purposes only, the following law firms as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, Class Counsel has and will fairly and adequately protect the interests of the Settlement Class: James C. Sturdevant of The Sturdevant Law Firm, APC; Michael D. Donovan and Noah I. Axler of Donovan Searles & Axler, LLC; Donald Driscoll of the Community Justice Project; and Jonathan A. Lang of Slocum & Lang, P.C.

5. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating this Settlement, the Settlement Class, which is defined in the Agreement and herein as:

> All individuals who received written communications in connection with Bad Check Diversion Programs operated by National Corrective Group or American Corrective

Counseling Services in California between January 4, 2006 and August 31, 2011 or in Pennsylvania between January 25, 2004 and August 31, 2011.

6. The Court hereby preliminarily approves the Agreement, and the Settlement contemplated thereby, as being a fair, reasonable and adequate settlement as to all members of the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directs the Parties to proceed with said Settlement pursuant to the terms and conditions of the Agreement and exhibits thereto, subject to this Court's authority to determine whether to finally approve said Settlement.

7. Defendants are hereby authorized to retain Rust Consulting ("Rust") as Settlement Administrator to administer claims, notice and exclusion procedures, as set forth in the Agreement, and Rust is hereby appointed as the Settlement Administrator pursuant to the terms of the Agreement.

8. The Court hereby finds and orders that the proposed New Class Notice (attached as Exhibits B, C, D and H to the Agreement) and the notice program set forth in Section III.C.2 of the Agreement, including, but not limited to, the Mailed Notice, the E-Mail Notice, the Internet Notice and the Publication Notice: (a) fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (b) are the best notice practicable under the circumstances to the members of the Settlement Class; and (c) provide individual notice to all Settlement Class Members who can be identified through reasonable effort.

9. The Court further approves the proposed Claim Form (attached as Exhibit G to the Agreement).

10. The Court hereby directs that New Class Notice be provided to the Settlement Class Members in accordance with the terms and conditions of Section III.C.2 of the Agreement; provided that the Settling Parties, by agreement, may revise the New Class Notice and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or clarity and may adjust the layout of those documents for efficient mailing, publication and/or electronic presentation. Accordingly, the Court directs the

3

[PROPOSED] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT

Settlement Administrator to issue Mailed Notice and E-Mail Notice, give Publication Notice and establish Internet Notice and the toll-free number within forty-five (45) days after the entry of this Order (the "Notice Deadline"), in accordance with Section III.C.2 of the Agreement.

11. If they have not already done so, Defendants shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the appropriate federal officials and the appropriate State officials of each State in which a Class Member resides.

12. A hearing on final approval of the Agreement, and award of fees and expenses to Class Counsel, and incentive payments to the Settlement Class Representatives (the "Final Approval Hearing") shall be held at 9:00 a.m. on January, 31, 2014, __, ~~2013~~, before the undersigned in Courtroom 11 of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94102. At the Final Approval Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable and adequate for the Class; (b) whether a judgment granting approval of the Settlement and dismissing the Action with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and reimbursement of expenses and incentive awards for Settlement Class Representatives should be granted.

13. No later than fourteen (14) days prior to the Final Approval Hearing, Defendants, through the Settlement Administrator, shall provide a declaration to the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of the Agreement or as ordered by this Court.

14. The Court preliminarily determines that the claims administration and distribution program described in Section III of the Agreement fairly and adequately addresses the matters of settlement administration and claims submission, and that the plan of allocation of monetary payments among Settlement Class Members is fair and adequate.

15. If the Settlement receives final approval, Settlement Class Members who were sent a Mailed Notice or E-mail Notice that was not returned as undeliverable and who do not make a timely and valid request for exclusion from the Settlement pursuant to Section III.D of

4
[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT

the Agreement shall automatically receive payment from the Settlement Amount in accordance with the terms of the Agreement. Other Settlement Class Members who do not make a timely and valid request for exclusion from the Settlement pursuant to Section III.D of the Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, Claim Forms must be post-marked or otherwise submitted by approved means no later than sixty (60) days after the Final Approval Hearing, which deadline shall be set forth in the New Class Notice.

16. Any member of the Settlement Class who does not submit a Claim Form or file an objection to the Settlement shall have the right to opt out of the Settlement Class by sending a written request for exclusion from the Settlement Class to the post office box listed in the New Class Notice, postmarked no later than sixty (60) days after the Notice Deadline, which deadline shall be set forth in the New Class Notice.

17. Exclusion requests must: (i) include the full name and address of the person(s) requesting exclusion from the Settlement Class; and (ii) include the following statement: "I/we request to be excluded from the settlement in <u>Smith, et al. v. National Corrective Group, Inc.</u>" No request for exclusion will be valid unless it complies with the terms of this Paragraph 17 and the terms set forth in Section III.D of the Agreement. No member of the Settlement Class may opt out through an actual or purported agent or attorney, and no opt-out request may be made on behalf of a group of persons.

18. Class Counsel and the Settlement Administrator shall use opt-out information only for purposes of determining and/or establishing whether a Settlement Class Member has timely and properly opted out of the Settlement Class as permitted by the Court. Prior to Class Counsel submitting a motion for entry of an order of dismissal and final judgment, the Settlement Administrator shall serve on Class Counsel a declaration stating the number of, and identifying, the members of the Settlement Class who have submitted timely requests for exclusion.

5

[PROPOSED] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT

19. If a timely and valid request for exclusion is made by a member of the Settlement Class, then no payment shall be made with respect to any such person. Such person will be deemed to have waived any and all rights or benefits under the Agreement, and will not have standing to object to the Agreement or seek to intervene in this action.

20. If the number of persons in the Settlement Class who opt out exceeds 1,000 persons, Defendants, in their sole discretion, may terminate the Agreement by serving on Class Counsel and filing with the Court a notice of termination within twenty one (21) days after the opt-out deadline. In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no Agreement had been negotiated or executed.

21. Each Settlement Class Member, whether or not he or she receives Mailed Notice or E-Mail Notice, submits a Claim Form or receives payment under the terms of the Agreement, will be bound by the Agreement, by all determinations and judgments concerning the Agreement, and by the Settlement contemplated thereby.

22. All further proceedings in the Smith Case (including, but not limited to, any existing discovery obligations) are ordered stayed until final approval or termination of the Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval.

23. All Settlement Class Members, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claim (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum until Final Settlement Approval or termination of the Agreement, whichever occurs earlier; provided, that this stay and injunction shall not apply to individual claims of any member of the Settlement Class who has timely and properly opted out from the Settlement Class as permitted by the Court. For avoidance of doubt, nothing herein shall prevent any Settlement

Class Member, or any person actually or purportedly acting on behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released Claim(s). This stay and injunction is necessary to protect and effectuate the Agreement, and the settlement contemplated thereby, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter Final Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

24. All memoranda, declarations, and other evidence in support of the request for approval of the settlement contemplated in the Agreement shall be filed no later than ninety (90) days after the Notice Deadline, except that any petition by Class Counsel for an award of attorney fees, reimbursement of costs and litigation expenses and incentive awards to the Settlement Class Representatives shall be filed no later than forty (40) days after the Notice Deadline.

25. Any Settlement Class Member who wants to object to the approval of the Agreement, and the Settlement contemplated thereby, the plan of allocation, or the application by Class Counsel for an award of attorneys' fees and reimbursement of costs, may do so, either personally or through an attorney, by filing a written notice of objection, together with any supporting written or documentary materials with the Clerk of the Court no later than sixty (60) days after the Notice Deadline, which deadline shall be set forth in the New Class Notice. This written objection must also be served by first class mail post-marked no later than sixty (60) days after the Notice Deadline, which deadline shall be set forth in the New Class Notice, on Defendants' Counsel, as set forth in the New Class Notice.

26. Any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing, to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any petition for attorneys' fees, incentive awards, and reimbursement of litigation expenses, but only if the Settlement Class Member has first filed written objections by the deadline set forth in the New Class Notice together with a Notice of Intention to Appear. All written objections will be considered even if the objecting Settlement

1 Class Member does not appear at the Final Approval Hearing. Any Settlement Class Member who does not provide a written objection in the manner provided above shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement contemplated by the Agreement, the plan of allocation, or the award of any attorney fees and/or incentive payments.

27. The Court expressly reserves its right to adjourn the Final Approval Hearing from time to time without further notice other than to counsel of record and to approve the terms of settlement stated in the Agreement and request for approval of attorneys' fees and expenses at or after the originally scheduled Final Approval Hearing.

28. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by the Defendants, or of the truth of any of the claims, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in these Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order and/or the Final Approval Order and Judgment.

29. In the event that any of the provisions of this Preliminary Approval Order is asserted by any Released Party as a defense in whole or in part to any Released Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or other proceeding brought by one or more Settlement Class Members or any person actually or purportedly acting on behalf of any such Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined as to such Settlement Class Member(s) until the Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of

1 motion, as a defense or otherwise, any claim or objection that they are not subject to the
2 jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient
3 forum.  This Paragraph 29 is necessary to protect and effectuate the Agreement, this Order, and
4 this Court's flexibility and authority to effectuate the Agreement, and is ordered in aid of this
5 Court's jurisdiction and to protect its judgments.

6     30. If for any reason the Agreement terminates before final approval, then the
7 certification of the Settlement Class shall be deemed vacated and the certification of the
8 Settlement Class for settlement purposes shall not be considered as a factor in connection with
9 any subsequent class certification issues.  In that event, the Settling Parties shall return to the
10 *status quo ante* in the Action, without prejudice to the right of any Defendant to assert any right
11 or position that it could have asserted if this Agreement had never been reached or proposed to
12 the Court.

13     31. The Court retains jurisdiction to consider all further applications arising out of or
14 connected with the Settlement.  The Court may approve the Settlement with such modifications
15 as it and the parties deem appropriate, without further notice to the Settlement Class.

16     IT IS SO ORDERED.

18 Dated: August 27, 2013

The Honorable Jeffrey S. White
United States District Judge

9

[~~PROPOSED~~] PRELIMINARY APPROVAL ORDER OF CLASS ACTION SETTLEMENT