UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SMITH, et al., <br> Plaintiffs, <br> v. <br> LEVINE LEICHTMAN, et al., <br> Defendants. | Case No. 10-cv-00010-JSW <br><br> **ORDER GRANTING MOTION FOR FINAL APPROVAL AND JUDGMENT** <br> Re: Dkt. No. 316 |

This matter comes before the Court upon consideration of the Motion for Final Approval of Class Action Settlement, filed by Plaintiffs (Docket No. 316). The Court has considered the parties' papers, relevant legal authority, and the record in this case. The Court held a final fairness hearing on February 7, 2014, at which counsel for Plaintiffs and counsel for Defendants appeared. No other persons were present at the hearing.

Plaintiffs, Christina Smith, Ashley Henderson, Jana Sperling, Toni Neilson, Jessica Shouse, Albert Lachowicz ex rel. Jennifer Paczan and Amy Linde (collectively, "Settlement Class Representatives") alleged that Defendants, Levine Leichtman Capital Partners, Inc. and Levine Leichtman Capital Partners III, LP (collectively, "LLCP"), Michael Schreck, Brett Stohlton and National Corrective Group, Inc. (dba "Corrective Solutions") ("NCG") (collectively, "Defendants), violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. sections 1962, *et seq.*, the Federal Fair Debt Collection Practices Act, 15 U.S.C. sections 1692, *et seq.*, California's Unfair Competition Law, Business and Professions Code sections 17200, *et seq.*, Pennsylvania's Fair Credit Extension Uniform Act, 73 P.S. section 2270.4 (the "FCEUA") and Unfair Trade Practices and Consumer Protection Law, 73 P.S. sections 201-3, 2270.5 ("UTPCPL"). Plaintiffs also asserted claims for unjust enrichment, intentional misrepresentation

and negligent misrepresentation.

Defendants denied the allegations in this Action and asserted numerous defenses to Settlement Class Representatives' claims.

On February 3, 2012, Settlement Class Representatives applied to the Court for an Order preliminarily approving a settlement of the Action in accordance with a settlement agreement dated as of December 21, 2011 (Docket No. 261-4) (the "Agreement"), and the Court granted preliminary approval to the First Agreement on May 10, 2012.

On October 23, 2012, Settlement Class Representatives applied to the Court for an Order granting final approval to the Agreement and, without a hearing, the Court denied final approval of the Agreement on November 15, 2012. (Docket No. 291)

On April 25, 2013, the Settlement Class Representatives applied to the Court for an Order preliminarily approving the Settlement of the Action in accordance with an Amended and Restated Settlement Agreement dated as of April 5, 2013 (the "First Amended Agreement"). On June 27, 2013, the Court entered its Order Regarding Motion for Preliminary Approval of Class Action Settlement. Thereafter, the parties entered in a Second Amended and Restated Settlement Agreement (the "Second Amended Agreement") and submitted it to the Court for preliminary approval on August 16, 2013.

On August 27, 2013, the Court entered the Preliminary Approval Order, in which it preliminarily approved settlement of this action pursuant to the terms of the Second Amended Agreement, which, together with the exhibits annexed thereto, sets forth the terms and conditions of the Settlement and for dismissal of this Action in its entirety with prejudice as against all Released Parties, as defined in the Second Amended Agreement upon the terms and conditions set forth therein.[1]

The Court has jurisdiction over the subject matter of the *Smith* Case and over all Settling Parties, including all Settlement Class Members.

---

[1] All terms and phrases used in this Final Approval Order and Judgment shall have the same meanings ascribed to them in the Second Amended Agreement, which is attached as Exhibit A to the Second Supplemental Declaration of James C. Sturdevant, filed on October 17, 2013 (Docket No. 311.)

2

1    The Court previously preliminarily approved the Settlement. In order to determine whether the proposed settlement should be approved, the Court weighs a number of factors, including: "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the ... members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

Considering each of these factors, the Court hereby finally approves the Settlement. There were no objections to the settlement, and only four individuals opted out of the settlement. Thus, the reaction of the class members was favorable. Counsel adequately set forth the risks of continued litigation in their declarations in support of this motion. Further, for the reasons set forth in those declarations, the Court concludes that the parties reached the settlement at a time when they had a full and fair understanding of their case and their opponents' case. After many years of litigation, the parties' settlement removes the risk that the Class Members might not recover anything. *See, e.g., Officers for Justice v. Civil Serv. Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Accordingly, the Court finds that said Settlement is, in all respects, fair, reasonable and adequate to, and in the best interests of, Settlement Class Members, and hereby directs that it shall be effectuated in accordance with its terms. The Court further finds that the Settlement Class meets all of the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and that Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class.

In giving final approval of the Settlement, the Court finds that the Settlement Class Members consist of all persons who did not exclude themselves from the Settlement and the Settlement Class, which is defined in the Agreement and the Preliminary Approval Order as:

> All individuals who received written communications in connection with Bad Check Diversion Programs operated by National Corrective Group or American Corrective Counseling Services in

3

California between January 4, 2006 and August 31, 2011 or in Pennsylvania between January 25, 2004 and August 31, 2011.

The following individuals excluded themselves from the settlement: Kathy Rixey, John Davis, Kathleen Y. True, and William D. Ryan. (*See* Docket No. 317, Declaration of Melissa D. Eisert, Ex. D.)

The Court hereby DISMISSES, the Action in its entirety on the merits and WITH PREJUDICE.

As of the date this Order becomes Final, Settlement Class Representatives, each Settlement Class Member, and Defendants acknowledge full satisfaction of, and fully, finally and forever settle, release and discharge the Released Parties of and from, all Released Claims. Subject to the Court's approval, Settlement Class Representatives, each Settlement Class Member, and Defendants shall be bound by the Agreement and all of their Released Claims shall be released as against the Released Parties, even if they never received actual notice of the Settlement prior to the Final Approval Hearing.

Settlement Class Representatives, for themselves and for each Settlement Class Member, acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of these releases, but it is their intention to, and they do hereby, upon entry of this Final Approval Order and Judgment, fully, finally and forever settle and release any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Settlement Class Representatives, for themselves and for each Settlement Class Member, waive any and all rights and benefits afforded by California Civil Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Representatives and each Settlement Class Member understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

The Court also finds that the New Class Notice of the settlement, provided to the Settlement Class Members pursuant to the Preliminary Approval Order and the Second Amended Agreement, was the best notice practicable, consisting of the Mailed Notice and E-Mail Notice sent to the Settlement Class Members, Publication Notice, Internet Notice and Claim Form. Said New Class Notice provided valid, due and sufficient notice of the Actions, and of the proposed Settlement, to all persons entitled to such notice, and said New Class Notice fully satisfies the requirements of due process and the Federal Rules of Civil Procedure.

Defendants filed notifications of both the Agreement and the First Amended Agreement on April 30, 2013, with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. sections 1711-1715. (*See* Docket No 268, Declaration of Michael A. Taitelman; Docket No. 320, Declaration of Joseph A. Escaraez, Exs. A-D.) Following the final approval hearing, the Court raised the issue of whether Defendants had notified the appropriate officials of the Second Amended Agreement, and it ordered supplemental briefing on this issue. (Docket No. 322.) The parties filed their joint response on February 20, 2014, in which Defendants advised the Court that, out of an abundance of caution, they provided the appropriate officials with notice of the Second Amended Agreement on February 11, 2014. (Docket No. 323, Ex. A.) Defendants urge the Court to reserve ruling on this motion until May 12, 2014. Plaintiffs urge the Court to finally approve the settlement.

There is a dearth of authority on this issue.[2] A district court in the Eastern District of Louisiana concluded that additional notice of revisions to a settlement was not required under CAFA. *See, e.g., In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, 910 F. Supp. 2d 891, 940-41 (E.D. La. 2012). However, that court did not engage in any analysis of the language of the statute and, thus, the Court does not find it persuasive.

---

[2] Plaintiffs also cite a number of cases where courts approved settlements, even though the defendants had not provided initial notice of a proposed settlement within the time period required by Section 1715(b). However, those cases do not appear to have involved a subsequent amendment to settlement agreements, and the Court does not find them persuasive in resolving this issue.

5

At least one district court within the Ninth Circuit faced with a similar situation found "the text of this section ... unclear as to its application to revisions of proposed settlements...." *True v. American Honda, Inc.*, 749 F. Supp. 2d 1052, 1083 (C.D. Cal. 2010).

The Court begins with the language of the statute. The Settlement Class Representatives argue that CAFA only requires a defendant to provide notice of "a" proposed settlement. However, the plain text of Section 1715(b) provides that a defendant must give notice of "*any* proposed or final class action settlement" and "*any* settlement or other agreement contemporaneously made between class counsel and counsel for the defendants." 28 U.S.C. § 1715(b)(4)-(5) (emphasis added). Section 1715(b) does not, however, expressly refer to amendments or revisions to settlements and, as the *True* court noted, is "unclear as to its application" in such situations. According to the legislative history, Section 1715(b) was included as a means to "safeguard plaintiff class members' rights," by providing state and federal officials with an opportunity to "voice concerns if they believe that the class action settlement is not in the best interest of their citizens." S. Rep. 109-14, § III at *5; *see also* 3 *Newberg on Class Actions,* § 8:18 (5th ed. 2013)

Although the revisions to the settlement were, in the parties' own terms "significant," they also were more favorable to the class members. (*See* Docket No. 306). In addition, the class members received notice of the Second Amended Agreement and were provided with an opportunity to opt out or object to that Agreement. As set forth above, class members' reactions have been favorable. Further, the Court has not received any comments from state or federal officials relating to the Agreement or the First Amended Agreement.

In the *True* case, the court concluded that the parties had not sufficiently complied with Section 1715(b) where they provided notice of substantive revisions to the settlement ten days prior to the final approval hearing. *Id.* However, in contrast to this case, the parties also did not provide notice of those revisions to class members and twenty-six states filed amicus briefs urging the court to reject the settlement. *Id.* Thus, the Court finds the facts and circumstances in this case distinguish it from *True*.

Given the lack of clear authority, the ambiguity of the statutory provision, and the purposes behind CAFA's notice provision, and in light of the facts and circumstances in this case, the Court

concludes that additional notice of the Second Amended Agreement is not necessary for the Court to finally approve that agreement. In addition, the Court finds that the notice provided of the First Amended Agreement complied with the requirements of Section 1715(b).

The Court hereby approves the Second Amended Agreement and the payments pursuant thereto as fair and adequate, and the Settlement Administrator is directed to administer the Second Amended Agreement in accordance with its terms and provisions. The Second Amended Agreement also contains a *cy pres* component. The Court has considered the parties' competing proposals, and it HEREBY APPROVES Defendants' proposed *cy pres* recipients. (*See* Docket Nos. 284, 285.)

In the event that the Second Amended Agreement is terminated in accordance with its terms or with the terms of any other agreement between the Settling Parties, or this Final Approval Order and Judgment is reversed on appeal or otherwise does not become Final, (i) this Final Approval Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (ii) as specified in the Second Amended Agreement, the Second Amended Agreement and other related orders shall be rendered null and void and shall be vacated *nunc pro tunc*; and (iii) the Actions shall proceed as provided in the Second Amended Agreement. In the event the Second Amended Agreement shall terminate, be canceled, or not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Class Counsel to the Escrow Agent, subject to the terms of Sections III.F.1.c of the Second Amended Agreement, the Escrow Agent shall refund to Defendants the balance of the Settlement Fund and all interest accrued thereon.

Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) is or may be deemed to be a waiver of Defendants' right to seek to enforce any arbitration provision in other cases or against Settlement

Class Members who opt out of the settlement. The Released Parties may file the Second Amended Agreement and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Final Approval Order and Judgment in any way, the Court hereby retains continuing jurisdiction over, *inter alia*: (a) implementation and administration of the Settlement; (b) distribution of Settlement Payments to Settlement Class Members under the terms of the Second Amended Agreement; and (c) all Settling Parties hereto, for the purpose of enforcing and administering the Settlement.

The Settling Parties shall bear their own attorneys' fees and costs, except as otherwise provided in the Second Amended Agreement and addressed in the separate order resolving the motion for attorneys' fees, costs, and service awards.

**IT IS SO ORDERED.**

Dated: March 26, 2014

_____
JEFFREY S. WHITE
United States District Judge